1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     FREDERICK A. LORIG (Bar No. 057645)
2    fredlorig@quinnemanuel.com
     CHRISTOPHER A. MATHEWS (Bar No. 144021)
3    chrismathews@quinnemanuel.com
     BRUCE R. ZISSER (Bar No. 180607)
4    brucezisser@quinnemanuel.com
     SIDFORD L. BROWN (Bar No. 107196)
5    sidfordbrown@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:     (213) 443-3000
7  Facsimile:      (213) 443-3100

8  Attorneys for Plaintiff
   MULTIMEDIA PATENT TRUST
9

10                    UNITED STATES DISTRICT COURT

11                 SOUTHERN DISTRICT OF CALIFORNIA

12

13  Multimedia Patent Trust,                    CASE NO. 10-cv-2618-H-CAB

14            Plaintiff,                        **PLAINTIFF AND COUNTER
                                                DEFENDANT MULTIMEDIA PATENT
15       vs.                                    TRUST'S  REPLY TO DEFENDANT AND
                                                COUNTERCLAIMANT APPLE INC.'S
16  Apple Inc., Canon, Inc., Canon U.S.A., Inc., COUNTERCLAIM
    LG Electronics, Inc., LG Electronics U.S.A.,
17  Inc., LG Electronics MobileComm U.S.A.,
    Inc.,
18
              Defendants.
19

20

21        Plaintiff and Counter-Defendant, Multimedia Patent Trust ("MPT"), herein replies to the

22  numbered paragraphs set forth in the Counterclaim of Defendant and Counterclaimant Apple

23  Inc.'s ("Apple") as follows:

24        In response to the unnumbered paragraph on page 40, lines 2-5, of the Apple

25  Counterclaims, MPT admits that, by virtue of its Counterclaims, Apple purports to bring an action

26  for declaratory judgment of non-infringement, invalidity, and/or unenforceability of each of the

27  patents asserted against it (U.S. Patent No. 4,958,226 (the "Haskell'226 Patent"), U.S. Patent No.

28

5,227,878 (the "Puri '878 Patent"), and U.S. Patent No. 5,136,377 (the "Johnston '377 Patent")), but MPT denies that those Counterclaims have any merit.

## JURISDICTION AND VENUE

1.      Answering paragraph 1 of Apple's Counterclaims, in which Apple purports to reallege and incorporate by reference each and every allegation contained in its Answer, MPT responds that no response is required to paragraphs 1-62 of Apple's Answer, which merely respond to the averments in the Complaint.  MPT further responds that no response is required to paragraphs 63-200 of Apple's Answer, which purport to allege Apple's Affirmative Defenses, but MPT denies that Affirmative Defenses One through Eighteen asserted in those paragraphs have any merit.

2.      MPT admits that Apple purports to bring claims for declaratory judgment and injunctive relief under the Declaratory Judgment Act, that Apple's counterclaims arise under the Patent Laws of the United States, and that this Court has subject matter jurisdiction over those counterclaims.

3.      MPT admits that this Court has personal jurisdiction over Plaintiff and Counter-Defendant Multimedia Patent Trust.

4.      MPT admits that venue in this district is proper.

## NATURE OF THE ACTION

5.      MPT denies the allegations set forth in paragraph 5 of the Apple Counterclaims.

## PARTIES

6.      MPT admits that Apple is defined in the unnumbered paragraph located on page 1, lines 2-3 and in paragraph 5 of the Apple Answer.

7.      Plaintiff Multimedia Patent Trust admits that it is a Delaware statutory trust under the laws of the Delaware Statutory Trust Act, 12 Del. C. §§ 3801 et seq., but denies that its trustee, Mr. Gerard A. deBlasi, continues to have a business address of 991 Route 22 West, Bridgewater, NJ 08807.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement and/or Invalidity of the Haskell '226 Patent)

8.    MPT incorporates by reference the foregoing paragraphs, inclusive, as though set forth in full herein.

9.    MPT admits the allegations of paragraph 9 of the Apple Counterclaims.

10.    MPT denies the allegations of paragraph 10 of the Apple Counterclaims.

11.    The allegations set forth in paragraph 11 of the Apple Counterclaims are vague and uncertain, and are therefore denied.  To the extent that the term "foregoing contentions" refers to the allegations contained in paragraph 10, MPT incorporates its response to paragraph 10 as if fully set forth herein.

12.    MPT admits that there is an actual and justiciable controversy between MPT and Apple regarding the infringement of the Haskell '226 Patent.  Except as so admitted, the allegations of Paragraph 12 are denied.

13.    MPT admits that Apple purports to request a declaratory judgment under the Declaratory Judgment Act for noninfringement and invalidity of the Haskell '226 Patent, but denies the viability of that request.

14.    MPT denies that Apple is entitled to any remedy on its First Counterclaim.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of the Haskell '226 Patent

### Due to Inequitable Conduct)

15.    MPT incorporates by reference the foregoing paragraphs, inclusive, as though set forth in full herein.

16.    MPT denies the allegations of paragraph 16 of the Apple Counterclaims.

17.    Answering paragraph 17 of Apple's Counterclaims, in which Apple purports to incorporate by reference paragraphs 76-113 of Apple's Answer, which set forth a portion of Apple's Thirteenth Affirmative Defense, MPT responds to the individual referenced paragraphs as follows:

1    Referenced Paragraph 76.   MPT denies the allegations of referenced paragraph 76

2    of the Apple Counterclaims.

3    Referenced Paragraph 77.   MPT denies the allegations of referenced paragraph 77

4    of the Apple Counterclaims.

5    Referenced Paragraph 78.   MPT denies the allegations of referenced paragraph 78

6    of the Apple Counterclaims.

7    Referenced Paragraph 79.   MPT admits the allegations of referenced paragraph 79

8    of the Apple Counterclaims.

9    Referenced Paragraph 80.   The first sentence of referenced paragraph 80 of the

10   Apple Counterclaims consists entirely of legal conclusions as to which no response is

11   required.  MPT admits that the named inventors on the Haskell '226 Patent signed a sworn

12   statement in September 1989.  No response is required to the additional allegations

13   concerning the contents of that sworn statement because that document speaks for itself.

14   MPT denies the remaining allegations of referenced paragraph 80 of the Apple

15   Counterclaims.

16   Referenced Paragraph 81.   MPT admits that Apple recites the term "frame

17   repeating" that appears in the Haskell '226 Patent.  No response is required to Apple's

18   further allegations concerning the contents of the Haskell '226 Patent because the Haskell

19   '226 Patent speaks for itself.  MPT denies any remaining allegations of referenced

20   paragraph 81 of the Apple Counterclaims.

21   Referenced Paragraph 82.   MPT admits that Apple recites a portion of the Haskell

22   '226 Patent.  No response is required to Apple's further allegations concerning the contents

23   of the Haskell '226 Patent because the Haskell '226 Patent speaks for itself.  MPT denies

24   any remaining allegations of referenced paragraph 82 of the Apple Counterclaims.

25   Referenced Paragraph 83.   MPT admits that Apple recites portions of the Haskell

26   '226 Patent.  No response is required to Apple's further allegations concerning the contents

27   of the Haskell '226 Patent because the Haskell '226 Patent speaks for itself.  MPT denies

28   any remaining allegations of referenced paragraph 83 of the Apple Counterclaims.

Referenced Paragraph 84.   MPT admits that Apple recites portions of the Haskell '226 Patent.  No response is required to Apple's further allegations concerning the contents of the Haskell '226 Patent because the Haskell '226 Patent speaks for itself.  MPT denies the remaining allegations of referenced paragraph 84 of the Apple Counterclaims.

Referenced Paragraph 85.   MPT admits that there exists a book entitled "Digital Pictures Representation and Compression" that was published before September 1988 and was coauthored by Barry G. Haskell ("Digital Pictures").  No response as to the contents of Digital Pictures is required, as that document speaks for itself.

Referenced Paragraph 86.   MPT admits that Apple recites portions of Digital Pictures.  No response as to the contents of Digital Pictures is required, as that document speaks for itself.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second-to-last sentence of referenced paragraph 86 of the Apple Counterclaims and, on that basis, denies them.  MPT denies the remaining allegations of referenced paragraph 86 of the Apple Counterclaims.

Referenced Paragraph 87.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 87 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 88.   MPT admits that a PTO Office Action was mailed on or about December 22, 2008 (the "December 22, 2008 Office Action").  No response is required to Apple's allegations concerning the contents of the December 22, 2008 Office Action, because the December 22, 2008 Office Action speaks for itself.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of referenced paragraph 88 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 89.   MPT admits that portions of Digital Pictures cited by Apple in referenced paragraph 89 of the Apple Counterclaims were not disclosed to the PTO during prosecution of the Haskell '226 Patent.  MPT denies the remaining allegations of referenced paragraph 89 of the Apple Counterclaims.

Referenced Paragraph 90.   MPT admits that Dr. Haskell coauthored Digital Pictures.  The phrase "material contents" is so vague and uncertain that MPT lacks sufficient information and knowledge to allow it to answer the corresponding allegations, and therefore denies them.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 90 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 91.   MPT admits that Drs. Puri and Haskell were colleagues at AT&T Bell Laboratories and that pages 301-504 of Digital Pictures were disclosed in an Information Disclosure Statement to the PTO during prosecution of the '878 Patent.  MPT lacks sufficient information and knowledge to allow it to answer the remaining allegations in Referenced paragraph 91, and therefore denies them.

Referenced Paragraph 92.   MPT denies the allegations of referenced paragraph 92 of the Apple Counterclaims.

Referenced Paragraph 93.   MPT admits that there exists a document entitled "Comments on Conditional Motion Compensated Frame Interpolation" and labeled "Document #81" ("Document No. 81").  MPT admits that Document No. 81 is available at http://wftp3.itu.int/av-arch/video-site/261/H261_Specialists_Group/Contributions/081.pdf.  MPT admits that Document No. 81 bears the date "March 1986." MPT further admits that according to a document entitled "Report of the Fifth Meeting in Tokyo (March 25-28, 1986)" and labeled "Specialists Group on Coding for Visual Telephony" (hereinafter "Specialists Group's Report"), a document bearing the title "Comments on Conditional Motion Compensated Frame Interpolation" and the label "Document #81" was presented at the meeting described in the Specialists Group's Report.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second to the last sentence of referenced paragraph 93 of the Apple Counterclaims and, on that basis, denies them.  MPT denies the remaining allegations of referenced paragraph 93 of the Apple Counterclaims.

1    Referenced Paragraph 94.   MPT lacks knowledge or information sufficient to form

2    a belief as to the truth of the allegations in referenced paragraph 94 of the Apple

3    Counterclaims and, on that basis, denies them.

4    Referenced Paragraph 95.   MPT admits that the image appearing in referenced

5    paragraph 95 of the Apple Counterclaims also appears as Figure 1 of Document No. 81.

6    MPT denies any remaining allegations of referenced paragraph 26 of the Apple

7    Counterclaims.

8    Referenced Paragraph 96.   MPT admits that Figure 1 of Document No. 81

9    includes boxes containing the words "Motion Prediction," "Motion Detection," and

10    "Motion Interpolative Prediction." No additional response as to the contents of Document

11    No. 81 is required, as that document speaks for itself.  MPT denies any remaining

12    allegations of referenced paragraph 96 of the Apple Counterclaims.

13    Referenced Paragraph 97.   MPT lacks knowledge or information sufficient to form

14    a belief as to the truth of the allegations in referenced paragraph 97 of the Apple

15    Counterclaims and, on that basis, denies them.

16    Referenced Paragraph 98.   MPT lacks knowledge or information sufficient to form

17    a belief as to the truth of the allegations in referenced paragraph 98 of the Apple

18    Counterclaims and, on that basis, denies them.

19    Referenced Paragraph 99.   MPT admits that Apple recites a portion of Document

20    No. 81.  No additional response as to the contents of Document No. 81 is required, as that

21    document speaks for itself.  MPT denies the remaining allegations of referenced paragraph

22    99 of the Apple Counterclaims.

23    Referenced Paragraph 100. MPT lacks knowledge or information sufficient to form

24    a belief as to the truth of the allegations in referenced paragraph 100 of the Apple

25    Counterclaims and, on that basis, denies them.

26    Referenced Paragraph 101. MPT lacks knowledge or information sufficient to form

27    a belief as to the truth of the allegations in referenced paragraph 101 of the Apple

28    Counterclaims and, on that basis, denies them.

Referenced Paragraph 102.  MPT admits that the Specialist Group's Report is available at http://wftp3.itu.int/av-arch/videosite/ h261/H261_Specialists_Group/ Report_of_Specialists_Group/8603tok.  No response as to the contents of the Specialists Group's Report is required, as that document speaks for itself.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 102 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 103.  MPT admits that Apple recites a portion of the Specialists Group's Report.  No response as to the contents of the Specialists Group's Report is required, as that document speaks for itself.  MPT denies the allegations in the final two sentences of referenced paragraph 103 of the Apple Counterclaims.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 103 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 104.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 104 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 105.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 105 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 106.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 106 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 107.  MPT admits that Document No. 81 was not disclosed to the PTO during prosecution of the Haskell '226 Patent.  MPT denies the remaining allegations of referenced paragraph 107 of the Apple Counterclaims.

Referenced Paragraph 108. The phrase "material contents" is so vague and uncertain that MPT lacks sufficient information and knowledge to allow it to answer the

corresponding allegations, and therefore denies them.  MPT denies the remaining allegations of referenced paragraph 108 of the Apple Counterclaims.

Referenced Paragraph 109.  MPT denies the allegations of referenced paragraph 109 of the Apple Counterclaims.

Referenced Paragraph 110.  The phrase "material contents" is so vague and uncertain that MPT lacks sufficient information and knowledge to allow it to answer the corresponding allegations, and therefore denies them.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 110 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 111.  MPT denies the allegations of referenced paragraph 111 of the Apple Counterclaims.

Referenced Paragraph 112.  The phrase "material contents" is so vague and uncertain that MPT lacks sufficient information and knowledge to allow it to answer the corresponding allegations, and therefore denies them.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 112 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 113.  MPT denies the allegations of referenced paragraph 113 of the Apple Counterclaims.

18.     MPT admits that there is an actual controversy between MPT and Apple regarding the enforceability of the Haskell '226 Patent, but denies that Apple's Second Counterclaim has any merit.  MPT admits that Apple purports to request a declaration that the Haskell '226 Patent is unenforceable, but denies the viability of that request.  MPT denies the remaining allegations of paragraph 18 of the Apple Counterclaims.

19.     MPT denies that Apple is entitled to any remedy on its Second Counterclaim.

20.     The statement in paragraph 20 of the Apple Counterclaims consists entirely of reservation of rights by Apple as to which no response is required.  MPT denies any allegations contained in paragraph 20 of the Apple Counterclaims.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement and/or Invalidity of the Puri '878 Patent)**

21.     MPT incorporates by reference the foregoing paragraphs, inclusive, as though set forth in full herein.

22.     MPT admits the allegations of paragraph 22 of the Apple Counterclaims.

23.     MPT denies the allegations of paragraph 23 of the Apple Counterclaims.

24.     The allegations set forth in paragraph 24 of the Apple Counterclaims are vague and uncertain, and are therefore denied.  To the extent that the term "foregoing contentions" refers to the allegations contained in paragraph 23, MPT incorporates its response to paragraph 23 as if fully set forth herein.

25.     MPT admits that there is an actual and justiciable controversy between MPT and Apple regarding the infringement of the Puri '878 Patent.  Except as so admitted, the allegations of Paragraph 25 are denied.

26.     MPT admits that Apple purports to request a declaratory judgment under the Declaratory Judgment Act for noninfringement and invalidity of the Puri '878 Patent, but denies the viability of that request.

27.     MPT denies that Apple is entitled to any remedy on its Third Counterclaim.

**FOURTH COUNTERCLAIM**

**(Declaratory Judgment of Unenforceability of the Puri '878 Patent**

**Due to Inequitable Conduct)**

28.     MPT incorporates by reference the foregoing paragraphs, inclusive, as though set forth in full herein.

29.     MPT denies the allegations of paragraph 29 of the Apple Counterclaims.

30.     Answering paragraph 30 of Apple's Counterclaims, in which Apple purports to incorporate by reference paragraphs 76, 114-160 of Apple's Answer, which set forth a portion of Apple's Thirteenth Affirmative Defense, MPT responded to referenced paragraph 76 above and incorporates that response herein by this reference.  MPT responds to the remaining individual referenced paragraphs as follows:

Referenced Paragraph 114.   MPT denies the allegations of referenced paragraph 114 of the Apple Counterclaims.

Referenced Paragraph 115.   MPT denies the allegations of referenced paragraph 115 of the Apple Counterclaims.

Referenced Paragraph 116.   MPT admits the allegations of referenced paragraph 116 of the Apple Counterclaims.

Referenced Paragraph 117.   The first sentence of referenced paragraph 117 of the Apple Counterclaims consists entirely of legal conclusions as to which no response is required.  MPT admits that the named inventors on the Puri '878 Patent signed a sworn statement on or about February 28, 1992.  No response is required to the additional allegations concerning the contents of that sworn statement because that document speaks for itself.  MPT denies the remaining allegations of referenced paragraph 117 of the Apple Counterclaims.

Referenced Paragraph 118.   MPT admits that Apple recites a portion of the Puri '878 Patent and its title.  No response is required to Apple's further allegations concerning the contents of the Puri '878 Patent because the Puri '878 Patent speaks for itself.  MPT denies any remaining allegations of referenced paragraph 118 of the Apple Counterclaims.

Referenced Paragraph 119.   MPT admits that a PTO Office Action concerning the Puri '878 Patent was mailed on or about September 22, 1992 (the "September 22, 1992 Office Action").  No response is required to Apple's allegations concerning the contents of the September 22, 1992 Office Action, because the September 22, 1992 Office Action speaks for itself.  MPT denies any remaining allegations of referenced paragraph 119 of the Apple Counterclaims.

Referenced Paragraph 120.   MPT admits that Apple recites a portion of a response to the September 22, 1992 Office Action that was submitted by the applicants on or about December 22, 1992 (the "December 22, 1992 Response").  No response is required to Apple's further allegations concerning the contents of the December 22, 1992 Response,

1   because that document speaks for itself.  MPT denies any remaining allegations of

2   referenced paragraph 120 of the Apple Counterclaims.

3       Referenced Paragraph 121.   MPT admits that the PTO issued a Notice of

4   Allowability concerning the Puri '878 Patent on or about January 26, 1993 (the "Puri '878

5   Patent Notice of Allowability").  No response is required to Apple's allegations concerning

6   the contents of the Puri '878 Patent Notice of Allowability, because that document speaks

7   for itself.  MPT denies any remaining allegations of referenced paragraph 121 of the Apple

8   Counterclaims.

9       Referenced Paragraph 122.   MPT admits that Apple recites a portion of the Puri

10  '878 Patent.  No response is required to Apple's further allegations concerning the contents

11  of the Puri '878 Patent because the Puri '878 Patent speaks for itself.  MPT denies the

12  remaining allegations of referenced paragraph 122 of the Apple Counterclaims.

13      Referenced Paragraph 123.   MPT admits that there exists an article entitled "Fixed

14  and Adaptive Predictors for Hybrid Predictive/Transform Coding," authored by Staffan

15  Ericsson and appearing in IEEE Transactions on Communications, Vol. COM-33, No. 12,

16  December 1985 (the "Ericsson Article").  MPT admits that Apple recites portions of the

17  Ericsson Article.  No further response as to the contents of Ericsson Article is required, as

18  that document speaks for itself.  MPT lacks knowledge or information sufficient to form a

19  belief as to the truth of the remaining allegations in referenced paragraph 123 of the Apple

20  Counterclaims and, on that basis, denies them.

21      Referenced Paragraph 124.   No response is required to Apple's allegations

22  concerning the contents of the December 22, 1992 Response and the Puri '878 Patent

23  Notice of Allowability, because those documents speak for themselves.  MPT lacks

24  knowledge or information sufficient to form a belief as to the truth of the remaining

25  allegations in referenced paragraph 124 of the Apple Counterclaims and, on that basis,

26  denies them.

27      Referenced Paragraph 125.   MPT admits that the Ericsson Article was cited in a

28  1988 dissertation submitted by Atul Puri.  No response as to the contents of Ericsson

PLAINTIFF'S RESPONSE TO APPLE'S COUNTERCLAIM

1    Article is required, as that document speaks for itself.  MPT lacks knowledge or

2    information sufficient to form a belief as to the truth of the remaining allegations in

3    referenced paragraph 125 of the Apple Counterclaims and, on that basis, denies them.

4         Referenced Paragraph 126.   MPT admits that the Ericsson Article was not

5    disclosed to the PTO during prosecution of the Puri '878 Patent.  MPT denies the

6    remaining allegations of referenced paragraph 126 of the Apple Counterclaims.

7         Referenced Paragraph 127.   MPT denies the allegations of referenced paragraph

8    127 of the Apple Counterclaims.

9         Referenced Paragraph 128.   MPT denies the allegations of referenced paragraph

10   128 of the Apple Counterclaims.

11        Referenced Paragraph 129.   MPT admits that there exists an article entitled

12   "Movement-Compensated Frame-Frequency Conversion of Television Signals," authored

13   by Hirohisa Yamaguchi, Takehiko Sugi, and Kouji Kinuhata, and appearing in IEEE

14   Transactions on Communications, Vol. COM-35, No. 10, October 1987 (the "Yamaguchi

15   Article").  MPT lacks knowledge or information sufficient to form a belief as to the truth

16   of the remaining allegations in referenced paragraph 129 of the Apple Counterclaims and,

17   on that basis, denies them.

18        Referenced Paragraph 130.   MPT admits that Apple recites a portion of the

19   Yamaguchi Article.  No response as to the contents of the Yamaguchi Article is required,

20   as that document speaks for itself.  MPT lacks knowledge or information sufficient to form

21   a belief as to the truth of the remaining allegations in referenced paragraph 130 of the

22   Apple Counterclaims and, on that basis, denies them.

23        Referenced Paragraph 131.   No response is required to Apple's allegations

24   concerning the contents of the December 22, 1992 Response, the Puri '878 Patent Notice

25   of Allowability, or the Yamaguchi Article, because those documents speak for themselves.

26   MPT lacks knowledge or information sufficient to form a belief as to the truth of the

27   remaining allegations in referenced paragraph 131 of the Apple Counterclaims and, on that

28   basis, denies them.

Referenced Paragraph 132.   MPT admits that the Yamaguchi Article was disclosed to the PTO during prosecution of the Haskell '226 Patent.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 132 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 133.   MPT admits that the Yamaguchi Article was not disclosed to the PTO during prosecution of the Puri '878 Patent.  MPT denies the remaining allegations of referenced paragraph 133 of the Apple Counterclaims.

Referenced Paragraph 134.   MPT denies the allegations of referenced paragraph 134 of the Apple Counterclaims.

Referenced Paragraph 135.   MPT denies the allegations of referenced paragraph 135 of the Apple Counterclaims.

Referenced Paragraph 136.   MPT admits that a meeting of the International Organization for Standardization ("ISO") was held in Santa Clara, California, in August 1991.  MPT admits that there exists a document of the ISO labeled MPEG91/180 (the "MPEG91/180 Document") and that the MPEG91/180 Document is entitled "Fifteenth meeting attendance list."  No response is required to Apple's further allegations concerning the contents of the MPEG91/180 Document because that document speaks for itself.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 136 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 137.   MPT admits that there exists an article entitled "Additional research results on MPEG-2" with an express purpose of "Technical input to MPEG- 2 video coding" that is designated as MPEG 91/131 and was authored by individuals associated with Columbia University (the "Columbia University Paper").  MPT denies the remaining allegations of the first sentence of referenced paragraph 137 of the Apple Counterclaims.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 137 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 138.   MPT denies that Apple correctly recites the Introduction to the Columbia University Paper.  No response is required to Apple's further allegations concerning the contents of the Columbia University Paper because that document speaks for itself.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 138 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 139.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 139 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 140.   MPT admits that it has contended in prior litigation that Drs. Aravind and Puri conceived the inventions claimed in the Puri '878 Patent earlier than August 1991.  MPT admits that a declaration of Dr. Puri was filed in Case No. 06-CV-0684-H (CAB), and that this declaration attached five exhibits (the "Puri Declaration and Exhibits").  No response is required to Apple's further allegations concerning the contents of the Puri Declaration and Exhibits because those documents speak for themselves.  MPT admits that Apple recites a portion of the December 22, 1992 Response.  No response is required to Apple's allegations concerning the contents of the December 22, 1992 Response, because that document speaks for itself.  MPT denies any remaining allegations of referenced paragraph 140 of the Apple Counterclaims.

Referenced Paragraph 141.   MPT denies the allegations of referenced paragraph 141 of the Apple Counterclaims.

Referenced Paragraph 142.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 142 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 143.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 143 of the Apple Counterclaims and, on that basis, denies them.

1    Referenced Paragraph 144.   MPT admits that neither the Columbia University
2    Paper nor any alleged presentation of that paper were disclosed to the PTO during
3    prosecution of the Puri '878 Patent.  MPT denies the remaining allegations of referenced
4    paragraph 144 of the Apple Counterclaims.
5    Referenced Paragraph 145.   MPT denies the allegations of referenced paragraph
6    145 of the Apple Counterclaims.
7    Referenced Paragraph 146.   MPT denies the allegations of referenced paragraph
8    146 of the Apple Counterclaims.
9    Referenced Paragraph 147.   MPT admits that Apple recites claim 32 of the Puri
10   '878 Patent.  No response as to the contents of the Puri '878 Patent is required, as the Puri
11   '878 Patent speaks for itself.  MPT denies any remaining allegations of referenced
12   paragraph 147 of the Apple Counterclaims.
13   Referenced Paragraph 148.   MPT lacks knowledge or information sufficient to
14   form a belief as to the truth of the allegations in the first two sentences of referenced
15   paragraph 148 of the Apple Counterclaims and, on that basis, denies them.  MPT denies
16   the remaining allegations of referenced paragraph 148.
17   Referenced Paragraph 149.   MPT admits that there exists an article entitled "A
18   Perceptually Tuned Sub-band Image Coder With Image Dependent Quantization and
19   Postquantization Data Compression" that was authored by Robert J. Safranek and James
20   D. Johnston ("the Safranek/Johnston Article").  No response as to the contents of the
21   Safranek/Johnston Article is required, as that document speaks for itself.  MPT lacks
22   knowledge or information sufficient to form a belief as to the truth of the allegations in the
23   second sentence of referenced paragraph 149 of the Apple Counterclaims and, on that
24   basis, denies them.  MPT admits that Messrs. Puri, Aravind, Safranek, and Johnston were
25   all employees of AT&T Bell Laboratories.  MPT denies the remaining allegations of
26   referenced paragraph 149 of the Apple Counterclaims.
27   Referenced Paragraph 150.   MPT admits that Apple recites a portion of the
28   Safranek/Johnston Article.  No response as to the contents of the Safranek/Johnston Article

1   is required, as that document speaks for itself.  MPT lacks knowledge or information

2   sufficient to form a belief as to the truth of the allegations in the final two sentences of

3   referenced paragraph 150 of the Apple Counterclaims and, on that basis, denies them.

4   MPT denies any remaining allegations of referenced paragraph 150 of the Apple

5   Counterclaims.

6         Referenced Paragraph 151.   MPT admits that Apple recites a portion of the

7   Safranek/Johnston Article.  No response as to the contents of the Safranek/Johnston Article

8   is required, as that document speaks for itself.  MPT lacks knowledge or information

9   sufficient to form a belief as to the truth of the allegations in the last two sentences of

10   referenced paragraph 151 of the Apple Counterclaims and, on that basis, denies them.

11   MPT denies any remaining allegations of referenced paragraph 151 of the Apple

12   Counterclaims.

13         Referenced Paragraph 152.   MPT lacks knowledge or information sufficient to

14   form a belief as to the truth of the allegations in the first sentence of referenced paragraph

15   152 of the Apple Counterclaims and, on that basis, denies them.  MPT lacks knowledge or

16   information sufficient to form a belief as to the truth of the allegations in referenced

17   paragraph 152 of the Apple Counterclaims concerning a purported article entitled "A

18   Perceptually Tuned Sub-Band Image Coder" and, on that basis, denies them.  MPT admits

19   that there exists an article entitled "Interframe Coding with Variable Block-size Motion

20   Compensation," which Dr. Atul Puri co-authored, but no other response is required

21   concerning the contents of this document because the document speaks for itself.  MPT

22   admits that there exists an article entitled "Motion-Compensated Video Coding with

23   Adaptive Perceptual Quantization" that was authored by Drs. Puri and Rangarajan

24   Aravind, but no other response is required concerning the contents of this document

25   because the document speaks for itself.  MPT denies the remaining allegations of

26   referenced paragraph 152 of the Apple Counterclaims.

27

28

Referenced Paragraph 153.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 153 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 154.   MPT denies the allegations in referenced paragraph 154 of the Apple Counterclaims.

Referenced Paragraph 155.   MPT denies the allegations in referenced paragraph 155 of the Apple Counterclaims.

Referenced Paragraph 156.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 156 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 157.   MPT admits that the article cited by Apple in referenced paragraph 157 of the Apple Counterclaims was not disclosed to the PTO during prosecution of the Puri '878 Patent.  MPT denies the remaining allegations of referenced paragraph 157 of the Apple Counterclaims.

Referenced Paragraph 158.   MPT admits that the Safranek/Johnston Article was cited in an article authored by Drs. Aravind and Puri.  No response as to the contents of the Safranek/Johnston Article is required, as that document speaks for itself.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 158 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 159.   MPT denies the allegations of referenced paragraph 159 of the Apple Counterclaims.

Referenced Paragraph 160.   MPT denies the allegations of referenced paragraph 160 of the Apple Counterclaims.

31.     MPT admits that there is an actual controversy between MPT and Apple regarding the enforceability of the Puri '878 Patent, but denies that Apple's Fourth Counterclaim has any merit.  MPT admits that Apple purports to request a declaration that the Puri '878 Patent is

1  unenforceable, but denies the viability of that request.  MPT denies the remaining allegations of

2  paragraph 31 of the Apple Counterclaims.

3      32.      MPT denies that Apple is entitled to any remedy on its Fourth Counterclaim.

4      33.      The statement in paragraph 33 of the Apple Counterclaims consists entirely of

5  reservation of rights by Apple as to which no response is required.  MPT denies any allegations

6  contained in paragraph 33 of the Apple Counterclaims.

7                                    **FIFTH COUNTERCLAIM**

8    **(Declaratory Judgment of Non-Infringement and/or Invalidity of the Johnston '377 Patent)**

9      34.      MPT incorporates by reference the foregoing paragraphs, inclusive, as though set

10  forth in full herein.

11      35.      MPT admits the allegations of paragraph 35 of the Apple Counterclaims.

12      36.      MPT denies the allegations of paragraph 36 of the Apple Counterclaims.

13      37.      The allegations set forth in paragraph 37 of the Apple Counterclaims are vague and

14  uncertain, and are therefore denied.  To the extent that the term "foregoing contentions" refers to

15  the allegations contained in paragraph 36, MPT incorporates its response to paragraph 36 as if

16  fully set forth herein.

17      38.      MPT admits that there is an actual and justiciable controversy between MPT and

18  Apple regarding the infringement of the Johnston '377 Patent.  Except as so admitted, the

19  allegations of Paragraph 38 are denied.

20      39.      MPT admits that Apple purports to request a declaratory judgment under the

21  Declaratory Judgment Act for noninfringement and invalidity of the Johnston '377 Patent, but

22  denies the viability of that request.

23      40.      MPT denies that Apple is entitled to any remedy on its Fifth Counterclaim.

24                                    **SIXTH COUNTERCLAIM**

25        **(Declaratory Judgment of Unenforceability of the Johnston '377 Patent**

26                            **Due to Inequitable Conduct)**

27      41.      MPT incorporates by reference the foregoing paragraphs, inclusive, as though set

28  forth in full herein.

42.     MPT denies the allegations of paragraph 42 of the Apple Counterclaims.

43.     Answering paragraph 43 of Apple's Counterclaims, in which Apple purports to incorporate by reference paragraphs 76, 161-191 of Apple's Answer, which set forth a portion of Apple's Thirteenth Affirmative Defense, MPT responded to referenced paragraph 76 above and incorporates that response herein by this reference.  MPT responds to the remaining individual referenced paragraphs as follows:

Referenced Paragraph 161.   MPT denies the allegations of referenced paragraph 161 of the Apple Counterclaims.

Referenced Paragraph 162.   MPT denies the allegations of referenced paragraph 162 of the Apple Counterclaims.

Referenced Paragraph 163.   MPT admits the allegations of referenced paragraph 163 of the Apple Counterclaims.

Referenced Paragraph 164.   The first sentence of referenced paragraph 164 of the Apple Counterclaims consists entirely of legal conclusions as to which no response is required.  MPT admits that the named inventors on the Johnston '377 Patent signed a sworn statement in February 1991.  No response is required to the additional allegations concerning the contents of that sworn statement because that document speaks for itself.  MPT denies the remaining allegations of referenced paragraph 164 of the Apple Counterclaims.

Referenced Paragraph 165.   MPT admits that Apple recites claim 1 of the Johnston '377 Patent.  No response as to the contents of the Johnston '377 Patent is required, as the Johnston '377 Patent speaks for itself.  MPT denies any remaining allegations of referenced paragraph 165 of the Apple Counterclaims.

Referenced Paragraph 166.   MPT admits that a PTO Office Action was mailed on or about September 13, 1991 (the "September 13, 1991 Office Action").  No response is required to the additional allegations concerning the contents of the September 13, 1991 Office Action because the September 13, 1991 Office Action speaks for itself.  MPT denies any remaining allegations of referenced paragraph 166 of the Apple Counterclaims.

Referenced Paragraph 167.   MPT admits that a response to the September 13, 1991 Office Action was submitted by the applicants on or about January 17, 1992 (the "January 17, 1992 Response").   No response is required to Apple's further allegations concerning the contents of the January 17, 1992 Response, because that document speaks for itself. MPT denies any remaining allegations of referenced paragraph 167 of the Apple Counterclaims.

Referenced Paragraph 168.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of referenced paragraph 168 of the Apple Counterclaims and, on that basis, denies them.   In addition, no response is required because the January 17, 1992 Response and the Johnston '377 Patent speak for themselves.   MPT denies the remaining allegations of referenced paragraph 168 of the Apple Counterclaims.

Referenced Paragraph 169.   No response as to the contents of Digital Pictures is required, as that document speaks for itself.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 169 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 170.   No response as to the contents of Digital Pictures is required, as that document speaks for itself.   MPT denies any remaining allegations of referenced paragraph 170 of the Apple Counterclaims.

Referenced Paragraph 171.   No response as to the contents of Digital Pictures is required, as that document speaks for itself.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 171 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 172.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 172 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 173.   MPT denies the allegations of referenced paragraph 173 of the Apple Counterclaims.

Referenced Paragraph 174.   MPT admits that Apple recites a portion of the Johnston '377 Patent.  No response as to the contents of the Johnston '377 Patent or Digital Pictures is required, as those documents speak for themselves.  MPT denies any remaining allegations of referenced paragraph 174 of the Apple Counterclaims.

Referenced Paragraph 175.   MPT admits that Mr. Netravali is a co-author of Digital Pictures.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 175 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 176.   MPT denies the allegations of referenced paragraph 176 of the Apple Counterclaims.

Referenced Paragraph 177.   Regarding the first sentence of referenced paragraph 177 of the Apple Counterclaims, MPT admits that there exists an article entitled "Advances in Picture Coding" authored by Hans Musmann, Peter Pirsch, and Hans-Joachim Grallert (the "Musmann Article").  MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of referenced paragraph 177 of the Apple Counterclaims and, on that basis, denies them.  No response is required regarding the remaining allegations concerning the Musmann Article because the document speaks for itself.  MPT denies the remaining allegations of referenced paragraph 177 of the Apple Counterclaims.

Referenced Paragraph 178.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 178 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 179.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of referenced paragraph 179 of the Apple Counterclaims and, on that basis, denies them.  MPT denies the remaining allegations of referenced paragraph 179 of the Apple Counterclaims.

Referenced Paragraph 180.   The phrase "material contents" is so vague and uncertain that MPT lacks sufficient information and knowledge to allow it to answer the

corresponding allegations, and therefore denies them. No response is required regarding Digital Pictures and the Musmann Article because the documents speak for themselves. MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 180 of the Apple Counterclaims concerning a purported article entitled "Subband Coding of Images Sequences at Low Bit Rates" and, on that basis, denies them. MPT denies the remaining allegations of referenced paragraph 180 of the Apple Counterclaims.

Referenced Paragraph 181.   MPT admits that the Musmann Article was not disclosed to the PTO during prosecution of the Johnston '377 Patent. MPT denies the remaining allegations of referenced paragraph 181 of the Apple Counterclaims.

Referenced Paragraph 182.   MPT lacks sufficient information and knowledge to allow it to answer the allegations in Referenced paragraph 182, and therefore denies them.

Referenced Paragraph 183.   MPT denies the allegations of referenced paragraph 183 of the Apple Counterclaims.

Referenced Paragraph 184.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of referenced paragraph 184 of the Apple Counterclaims and, on that basis, denies them. MPT denies the remaining allegations of referenced paragraph 184 of the Apple Counterclaims.

Referenced Paragraph 185.   No response is required to the first sentence of referenced paragraph 185 because the document cited by Apple speaks for itself. MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of referenced paragraph 185 of the Apple Counterclaims and, on that basis, denies them. MPT denies any remaining allegations of referenced paragraph 185 of the Apple Counterclaims.

Referenced Paragraph 186.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of referenced paragraph 186 of the Apple Counterclaims and, on that basis, denies them. MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced

paragraph 186 of the Apple Counterclaims concerning a purported article entitled "A Perceptually Tuned Sub-Band Image Coder" and, on that basis, denies them.  MPT denies any remaining allegations of referenced paragraph 186 of the Apple Counterclaims.

Referenced Paragraph 187.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of referenced paragraph 187 of the Apple Counterclaims and, on that basis, denies them.  MPT denies the remaining allegations of referenced paragraph 187 of the Apple Counterclaims.

Referenced Paragraph 188.   MPT admits that the article cited by Apple in referenced paragraph 188 of the Apple Counterclaims was not disclosed to the PTO during prosecution of the Johnston '377 Patent.  MPT denies the remaining allegations of referenced paragraph 188 of the Apple Counterclaims.

Referenced Paragraph 189.   The phrase "material contents" is so vague and uncertain that MPT lacks sufficient information and knowledge to allow it to answer the corresponding allegations, and therefore denies them.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 189 of the Apple Counterclaims and, on that basis, denies them.

Referenced Paragraph 190.   MPT denies the allegations of referenced paragraph 190 of the Apple Counterclaims.

Referenced Paragraph 191.   MPT denies the allegations of referenced paragraph 191 of the Apple Counterclaims.

44.     MPT admits that there is an actual controversy between MPT and Apple regarding the enforceability of the Johnston '377 Patent, but denies that Apple' Sixth Counterclaim has any merit.  MPT admits that Apple purports to request a declaration that the Johnston '377 Patent is unenforceable, but denies the viability of that request.  Except as so admitted, the allegations of paragraph 44 are denied.

45.     MPT denies that Apple is entitled to any remedy on its Sixth Counterclaim.

1     46.     The statement in paragraph 46 of the Apple Counterclaims consists entirely of

2 reservation of rights by Apple as to which no response is required.  MPT denies any allegations

3 contained in paragraph 46 of the Apple Counterclaims.

4

5 DATED: April 11, 2011                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
6

7

8                                         By */s/ Bruce R. Zisser*
                                             Bruce R. Zisser
9                                            Attorneys for Plaintiff
                                             MULTIMDEIA PATENT TRUST
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2        The undersigned hereby certifies that a true and correct copy of the above and foregoing

3  document has been served on April 11, 2011 to all counsel of record who are deemed to have

4  consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any

5  other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

6

7  Dated:  April 11, 2011                          _/s/ Bruce R. Zisser_____
                                                   Bruce R. Zisser
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 10-cv-2618-H-CAB
PLAINTIFF'S RESPONSE TO APPLE'S COUNTERCLAIM