QUINN EMANUEL URQUHART & SULLIVAN, LLP
  FREDERICK A. LORIG (Bar No. 057645)
  fredlorig@quinnemanuel.com
  CHRISTOPHER A. MATHEWS (Bar No. 144021)
  chrismathews@quinnemanuel.com
  BRUCE R. ZISSER (Bar No. 180607)
  brucezisser@quinnemanuel.com
  SIDFORD L. BROWN (Bar No. 107196)
  sidfordbrown@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Plaintiff
MULTIMEDIA PATENT TRUST

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Multimedia Patent Trust,<br><br>            Plaintiff,<br><br>       vs.<br><br>Apple Inc., Canon, Inc., Canon U.S.A., Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc.,<br><br>            Defendants. | CASE NO. 10-cv-2618-H-CAB<br><br>**PLAINTIFF AND COUNTER DEFENDANT MULTIMEDIA PATENT TRUST'S  REPLY TO DEFENDANTS AND COUNTERCLAIMANTS LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., AND LG ELECTRONICS MOBILECOMM U.S.A.'S COUNTERCLAIM** |

    Plaintiff and Counter-Defendant, Multimedia Patent Trust ("MPT"), herein replies to the numbered paragraphs set forth in the Counterclaim of Defendants and Counterclaimants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A. (collectively "LG Electronics") as follows:

    In response to the unnumbered paragraph on page 32, lines 2-5, of the LG Electronics Counterclaims, MPT admits that, by virtue of its Counterclaims, LG Electronics purports to bring an action for declaratory judgment of non-infringement, invalidity, and/or unenforceability of each of the patents asserted against it (U.S. Patent No. 5,227,878 (the "Puri '878 Patent"), and U.S.

Patent No. 5,136,377 (the "Johnston '377 Patent")), but MPT denies that those Counterclaims have any merit.

## JURISDICTION AND VENUE

1. Answering paragraph 1 of LG Electronics' Counterclaims, in which LG Electronics purports to reallege and incorporate by reference each and every allegation contained in its Answer, MPT responds that no response is required to paragraphs 1-62 of LG Electronics' Answer, which merely respond to the averments in the Complaint. MPT further responds that no response is required to paragraphs 63-164 of LG Electronics' Answer, which purport to allege LG Electronics' Affirmative Defenses, but MPT denies that Affirmative Defenses One through Eighteen asserted in those paragraphs have any merit.

2. MPT admits that LG Electronics purports to bring claims for declaratory judgment and injunctive relief under the Declaratory Judgment Act, that LG Electronics' counterclaims arise under the Patent Laws of the United States, and that this Court has subject matter jurisdiction over those counterclaims.

3. MPT admits that this Court has personal jurisdiction over Plaintiff and Counter-Defendant Multimedia Patent Trust.

4. MPT admits that venue in this district is proper.

## NATURE OF THE ACTION

5. MPT denies the allegations set forth in paragraph 5 of the LG Electronics Counterclaims.

## PARTIES

6. MPT admits that LG Electronics is defined in the unnumbered paragraph located on page 1, lines 2-3 and in paragraphs 9-11 of the LG Electronics Answer.

7. Plaintiff Multimedia Patent Trust admits that it is a Delaware statutory trust under the laws of the Delaware Statutory Trust Act, 12 Del. C. §§ 3801 et seq., but denies that its trustee, Mr. Gerard A. deBlasi, continues to have a business address of 991 Route 22 West, Bridgewater, NJ 08807.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement and/or Invalidity of the Puri '878 Patent)**

8. MPT incorporates by reference the foregoing paragraphs, inclusive, as though set forth in full herein.

9. MPT admits the allegations of paragraph 9 of the LG Electronics Counterclaims.

10. MPT denies the allegations of paragraph 10 of the LG Electronics Counterclaims.

11. The allegations set forth in paragraph 11 of the LG Electronics Counterclaims are vague and uncertain, and are therefore denied. To the extent that the term "foregoing contentions" refers to the allegations contained in paragraph 10, MPT incorporates its response to paragraph 10 as if fully set forth herein.

12. MPT admits that there is an actual and justiciable controversy between MPT and LG Electronics regarding the infringement of the Puri '878 Patent. Except as so admitted, the allegations of Paragraph 25 are denied.

13. MPT admits that LG Electronics purports to request a declaratory judgment under the Declaratory Judgment Act for noninfringement and invalidity of the Puri '878 Patent, but denies the viability of that request.

14. MPT denies that LG Electronics is entitled to any remedy on its First Counterclaim.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Unenforceability of the Puri '878 Patent Due to Inequitable Conduct)**

15. MPT incorporates by reference the foregoing paragraphs, inclusive, as though set forth in full herein.

16. MPT denies the allegations of paragraph 16 of the LG Electronics Counterclaims.

17. Answering paragraph 17 of LG Electronics' Counterclaims, in which LG Electronics purports to incorporate by reference paragraphs 76-123 of LG Electronics' Answer, which set forth a portion of LG Electronics' Thirteenth Affirmative Defense, MPT responds to the individual referenced paragraphs as follows:

1    Referenced Paragraph 76.    MPT denies the allegations of referenced paragraph 76 of the LG Electronics Counterclaims.

Referenced Paragraph 77.    MPT denies the allegations of referenced paragraph 77 of the LG Electronics Counterclaims.

Referenced Paragraph 78.    MPT denies the allegations of referenced paragraph 78 of the LG Electronics Counterclaims.

Referenced Paragraph 79.    MPT admits the allegations of referenced paragraph 79 of the LG Electronics Counterclaims.

Referenced Paragraph 80.    The first sentence of referenced paragraph 80 of the LG Electronics Counterclaims consists entirely of legal conclusions as to which no response is required.  MPT admits that the named inventors on the Puri '878 Patent signed a sworn statement on or about February 28, 1992.  No response is required to the additional allegations concerning the contents of that sworn statement because that document speaks for itself.  MPT denies the remaining allegations of referenced paragraph 80 of the LG Electronics Counterclaims.

Referenced Paragraph 81.    MPT admits that LG Electronics recites a portion of the Puri '878 Patent and its title.  No response is required to LG Electronics' further allegations concerning the contents of the Puri '878 Patent because the Puri '878 Patent speaks for itself.  MPT denies any remaining allegations of referenced paragraph 81 of the LG Electronics Counterclaims.

Referenced Paragraph 82.    MPT admits that a PTO Office Action concerning the Puri '878 Patent was mailed on or about September 22, 1992 (the "September 22, 1992 Office Action").  No response is required to LG Electronics' allegations concerning the contents of the September 22, 1992 Office Action, because the September 22, 1992 Office Action speaks for itself.  MPT denies any remaining allegations of referenced paragraph 82 of the LG Electronics Counterclaims.

Referenced Paragraph 83.    MPT admits that LG Electronics recites a portion of a response to the September 22, 1992 Office Action that was submitted by the applicants on

or about December 22, 1992 (the "December 22, 1992 Response").  No response is required to LG Electronics' further allegations concerning the contents of the December 22, 1992 Response, because that document speaks for itself.  MPT denies any remaining allegations of referenced paragraph 83 of the LG Electronics Counterclaims.

Referenced Paragraph 84.     MPT admits that the PTO issued a Notice of Allowability concerning the Puri '878 Patent on or about January 26, 1993 (the "Puri '878 Patent Notice of Allowability").  No response is required to LG Electronics' allegations concerning the contents of the Puri '878 Patent Notice of Allowability, because that document speaks for itself.  MPT denies any remaining allegations of referenced paragraph 84 of the LG Electronics Counterclaims.

Referenced Paragraph 85.     MPT admits that LG Electronics recites a portion of the Puri '878 Patent.  No response is required to LG Electronics' further allegations concerning the contents of the Puri '878 Patent because the Puri '878 Patent speaks for itself.  MPT denies the remaining allegations of referenced paragraph 85 of the LG Electronics Counterclaims.

Referenced Paragraph 86.     MPT admits that there exists an article entitled "Fixed and Adaptive Predictors for Hybrid Predictive/Transform Coding," authored by Staffan Ericsson and appearing in IEEE Transactions on Communications, Vol. COM-33, No. 12, December 1985 (the "Ericsson Article").  MPT admits that LG Electronics recites portions of the Ericsson Article.  No further response as to the contents of Ericsson Article is required, as that document speaks for itself.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 86 of the LG Electronics Counterclaims and, on that basis, denies them.

Referenced Paragraph 87.     No response is required to LG Electronics' allegations concerning the contents of the December 22, 1992 Response and the Puri '878 Patent Notice of Allowability, because those documents speak for themselves.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining

1    allegations in referenced paragraph 87 of the LG Electronics Counterclaims and, on that
2    basis, denies them.
3        Referenced Paragraph 88.    MPT admits that the Ericsson Article was cited in a
4    1988 dissertation submitted by Atul Puri.  No response as to the contents of Ericsson
5    Article is required, as that document speaks for itself.  MPT lacks knowledge or
6    information sufficient to form a belief as to the truth of the remaining allegations in
7    referenced paragraph 88 of the LG Electronics Counterclaims and, on that basis, denies
8    them.
9        Referenced Paragraph 89.    MPT admits that the Ericsson Article was not
10   disclosed to the PTO during prosecution of the Puri '878 Patent.  MPT denies the
11   remaining allegations of referenced paragraph 89 of the LG Electronics Counterclaims.
12       Referenced Paragraph 90.    MPT denies the allegations of referenced paragraph
13   90 of the LG Electronics Counterclaims.
14       Referenced Paragraph 91.    MPT denies the allegations of referenced paragraph
15   91 of the LG Electronics Counterclaims.
16       Referenced Paragraph 92.    MPT admits that there exists an article entitled
17   "Movement-Compensated Frame-Frequency Conversion of Television Signals," authored
18   by Hirohisa Yamaguchi, Takehiko Sugi, and Kouji Kinuhata, and appearing in IEEE
19   Transactions on Communications, Vol. COM-35, No. 10, October 1987 (the "Yamaguchi
20   Article").  MPT lacks knowledge or information sufficient to form a belief as to the truth
21   of the remaining allegations in referenced paragraph 92 of the LG Electronics
22   Counterclaims and, on that basis, denies them.
23       Referenced Paragraph 93.    MPT admits that LG Electronics recites a portion of
24   the Yamaguchi Article.  No response as to the contents of the Yamaguchi Article is
25   required, as that document speaks for itself.  MPT lacks knowledge or information
26   sufficient to form a belief as to the truth of the remaining allegations in referenced
27   paragraph 93 of the LG Electronics Counterclaims and, on that basis, denies them.
28

Referenced Paragraph 94.    No response is required to LG Electronics' allegations concerning the contents of the December 22, 1992 Response, the Puri '878 Patent Notice of Allowability, or the Yamaguchi Article, because those documents speak for themselves.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 94 of the LG Electronics Counterclaims and, on that basis, denies them.

Referenced Paragraph 95.    MPT admits that the Yamaguchi Article was disclosed to the PTO during prosecution of the Haskell '226 Patent.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 95 of the LG Electronics Counterclaims and, on that basis, denies them.

Referenced Paragraph 96.    MPT admits that the Yamaguchi Article was not disclosed to the PTO during prosecution of the Puri '878 Patent.  MPT denies the remaining allegations of referenced paragraph 96 of the LG Electronics Counterclaims.

Referenced Paragraph 97.    MPT denies the allegations of referenced paragraph 97 of the LG Electronics Counterclaims.

Referenced Paragraph 98.    MPT denies the allegations of referenced paragraph 98 of the LG Electronics Counterclaims.

Referenced Paragraph 99.    MPT admits that a meeting of the International Organization for Standardization ("ISO") was held in Santa Clara, California, in August 1991.  MPT admits that there exists a document of the ISO labeled MPEG91/180 (the "MPEG91/180 Document") and that the MPEG91/180 Document is entitled "Fifteenth meeting attendance list."  No response is required to LG Electronics' further allegations concerning the contents of the MPEG91/180 Document because that document speaks for itself.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in referenced paragraph 99 of the LG Electronics Counterclaims and, on that basis, denies them.

1     Referenced Paragraph 100.   MPT admits that there exists an article entitled
2  "Additional research results on MPEG-2" with an express purpose of "Technical input to
3  MPEG- 2 video coding" that is designated as MPEG 91/131 and was authored by
4  individuals associated with Columbia University (the "Columbia University Paper").  MPT
5  denies the remaining allegations of the first sentence of referenced paragraph 100 of the
6  LG Electronics Counterclaims.  MPT lacks knowledge or information sufficient to form a
7  belief as to the truth of the remaining allegations in referenced paragraph 100 of the LG
8  Electronics Counterclaims and, on that basis, denies them.

9     Referenced Paragraph 101.   MPT denies that LG Electronics correctly recites the
10  Introduction to the Columbia University Paper.  No response is required to LG Electronics'
11  further allegations concerning the contents of the Columbia University Paper because that
12  document speaks for itself.  MPT lacks knowledge or information sufficient to form a
13  belief as to the truth of the remaining allegations in referenced paragraph 101 of the LG
14  Electronics Counterclaims and, on that basis, denies them.

15     Referenced Paragraph 102.   MPT lacks knowledge or information sufficient to
16  form a belief as to the truth of the allegations in referenced paragraph 102 of the LG
17  Electronics Counterclaims and, on that basis, denies them.

18     Referenced Paragraph 103.   MPT admits that it has contended in prior litigation
19  that Drs. Aravind and Puri conceived the inventions claimed in the Puri '878 Patent earlier
20  than August 1991.  MPT admits that a declaration of Dr. Puri was filed in Case No. 06-
21  CV-0684-H (CAB), and that this declaration attached five exhibits (the "Puri Declaration
22  and Exhibits").  No response is required to LG Electronics' further allegations concerning
23  the contents of the Puri Declaration and Exhibits because those documents speak for
24  themselves.  MPT admits that LG Electronics recites a portion of the December 22, 1992
25  Response.  No response is required to LG Electronics' allegations concerning the contents
26  of the December 22, 1992 Response, because that document speaks for itself.  MPT denies
27  any remaining allegations of referenced paragraph 103 of the LG Electronics
28  Counterclaims.

Referenced Paragraph 104.   MPT denies the allegations of referenced paragraph 104 of the LG Electronics Counterclaims.

Referenced Paragraph 105.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 105 of the LG Electronics Counterclaims and, on that basis, denies them.

Referenced Paragraph 106.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 106 of the LG Electronics Counterclaims and, on that basis, denies them.

Referenced Paragraph 107.   MPT admits that neither the Columbia University Paper nor any alleged presentation of that paper were disclosed to the PTO during prosecution of the Puri '878 Patent.  MPT denies the remaining allegations of referenced paragraph 107 of the LG Electronics Counterclaims.

Referenced Paragraph 108.   MPT denies the allegations of referenced paragraph 108 of the LG Electronics Counterclaims.

Referenced Paragraph 109.   MPT denies the allegations of referenced paragraph 109 of the LG Electronics Counterclaims.

Referenced Paragraph 110.   MPT admits that LG Electronics recites claim 32 of the Puri '878 Patent.  No response as to the contents of the Puri '878 Patent is required, as the Puri '878 Patent speaks for itself.  MPT denies any remaining allegations of referenced paragraph 110 of the LG Electronics Counterclaims.

Referenced Paragraph 111.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of referenced paragraph 111 of the LG Electronics Counterclaims and, on that basis, denies them.  MPT denies the remaining allegations of referenced paragraph 148.

Referenced Paragraph 112.   MPT admits that there exists an article entitled "A Perceptually Tuned Sub-band Image Coder With Image Dependent Quantization and Postquantization Data Compression" that was authored by Robert J. Safranek and James D. Johnston ("the Safranek/Johnston Article").  No response as to the contents of the

Safranek/Johnston Article is required, as that document speaks for itself. MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of referenced paragraph 112 of the LG Electronics Counterclaims and, on that basis, denies them. MPT admits that Messrs. Puri, Aravind, Safranek, and Johnston were all employees of AT&T Bell Laboratories. MPT denies the remaining allegations of referenced paragraph 112 of the LG Electronics Counterclaims.

Referenced Paragraph 113. MPT admits that LG Electronics recites a portion of the Safranek/Johnston Article. No response as to the contents of the Safranek/Johnston Article is required, as that document speaks for itself. MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the final two sentences of referenced paragraph 113 of the LG Electronics Counterclaims and, on that basis, denies them. MPT denies any remaining allegations of referenced paragraph 113 of the LG Electronics Counterclaims.

Referenced Paragraph 114. MPT admits that LG Electronics recites a portion of the Safranek/Johnston Article. No response as to the contents of the Safranek/Johnston Article is required, as that document speaks for itself. MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of referenced paragraph 114 of the LG Electronics Counterclaims and, on that basis, denies them. MPT denies any remaining allegations of referenced paragraph 114 of the LG Electronics Counterclaims.

Referenced Paragraph 115. MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of referenced paragraph 115 of the LG Electronics Counterclaims and, on that basis, denies them. MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 115 of the LG Electronics Counterclaims concerning a purported article entitled "A Perceptually Tuned Sub-Band Image Coder" and, on that basis, denies them. MPT admits that there exists an article entitled "Interframe Coding with Variable Block-size Motion Compensation," which Dr. Atul Puri co-authored, but no other response

1  is required concerning the contents of this document because the document speaks for
2  itself.  MPT admits that there exists an article entitled "Motion-Compensated Video
3  Coding with Adaptive Perceptual Quantization" that was authored by Drs. Puri and
4  Rangarajan Aravind, but no other response is required concerning the contents of this
5  document because the document speaks for itself.  MPT denies the remaining allegations
6  of referenced paragraph 115 of the LG Electronics Counterclaims.
7       Referenced Paragraph 116.   MPT lacks knowledge or information sufficient to
8  form a belief as to the truth of the allegations in referenced paragraph 116 of the LG
9  Electronics Counterclaims and, on that basis, denies them.
10       Referenced Paragraph 117.   MPT denies the allegations in referenced paragraph
11  117 of the LG Electronics Counterclaims.
12       Referenced Paragraph 118.   MPT denies the allegations in referenced paragraph
13  118 of the LG Electronics Counterclaims.
14       Referenced Paragraph 119.   MPT lacks knowledge or information sufficient to
15  form a belief as to the truth of the allegations in referenced paragraph 119 of the LG
16  Electronics Counterclaims and, on that basis, denies them.
17       Referenced Paragraph 120.   MPT admits that the article cited by LG Electronics
18  in referenced paragraph 120 of the LG Electronics Counterclaims was not disclosed to the
19  PTO during prosecution of the Puri '878 Patent.  MPT denies the remaining allegations of
20  referenced paragraph 120 of the LG Electronics Counterclaims.
21       Referenced Paragraph 121.   MPT admits that the Safranek/Johnston Article was
22  cited in an article authored by Drs. Aravind and Puri.  No response as to the contents of the
23  Safranek/Johnston Article is required, as that document speaks for itself.  MPT lacks
24  knowledge or information sufficient to form a belief as to the truth of the remaining
25  allegations in referenced paragraph 121 of the LG Electronics Counterclaims and, on that
26  basis, denies them.
27       Referenced Paragraph 122.   MPT denies the allegations of referenced paragraph
28  122 of the LG Electronics Counterclaims.

Referenced Paragraph 123. MPT denies the allegations of referenced paragraph 123 of the LG Electronics Counterclaims.

18. MPT admits that there is an actual controversy between MPT and LG Electronics regarding the enforceability of the Puri '878 Patent, but denies that LG Electronics' Second Counterclaim has any merit. MPT admits that LG Electronics purports to request a declaration that the Puri '878 Patent is unenforceable, but denies the viability of that request. MPT denies the remaining allegations of paragraph 18 of the LG Electronics Counterclaims.

19. MPT denies that LG Electronics is entitled to any remedy on its Second Counterclaim.

20. The statement in paragraph 20 of the LG Electronics Counterclaims consists entirely of reservation of rights by LG Electronics as to which no response is required. MPT denies any allegations contained in paragraph 20 of the LG Electronics Counterclaims.

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement and/or Invalidity of the Johnston '377 Patent)

21. MPT incorporates by reference the foregoing paragraphs, inclusive, as though set forth in full herein.

22. MPT admits the allegations of paragraph 22 of the LG Electronics Counterclaims.

23. MPT denies the allegations of paragraph 23 of the LG Electronics Counterclaims.

24. The allegations set forth in paragraph 24 of the LG Electronics Counterclaims are vague and uncertain, and are therefore denied. To the extent that the term "foregoing contentions" refers to the allegations contained in paragraph 23, MPT incorporates its response to paragraph 23 as if fully set forth herein.

25. MPT admits that there is an actual and justiciable controversy between MPT and LG Electronics regarding the infringement of the Johnston '377 Patent. Except as so admitted, the allegations of Paragraph 25 are denied.

26. MPT admits that LG Electronics purports to request a declaratory judgment under the Declaratory Judgment Act for noninfringement and invalidity of the Johnston '377 Patent, but denies the viability of that request.

27. MPT denies that LG Electronics is entitled to any remedy on its Third Counterclaim.

### FOURTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of the Johnston '377 Patent Due to Inequitable Conduct)

28. MPT incorporates by reference the foregoing paragraphs, inclusive, as though set forth in full herein.

29. MPT denies the allegations of paragraph 29 of the LG Electronics Counterclaims.

30. Answering paragraph 30 of LG Electronics' Counterclaims, in which LG Electronics purports to incorporate by reference paragraphs 76, 124-155 of LG Electronics' Answer, which set forth a portion of LG Electronics' Thirteenth Affirmative Defense, MPT responded to referenced paragraph 76 above and incorporates that response herein by this reference. MPT responds to the remaining individual referenced paragraphs as follows:

Referenced Paragraph 124. MPT denies the allegations of referenced paragraph 124 of the LG Electronics Counterclaims.

Referenced Paragraph 125. MPT denies the allegations of referenced paragraph 125 of the LG Electronics Counterclaims.

Referenced Paragraph 126. MPT admits the allegations of referenced paragraph 126 of the LG Electronics Counterclaims.

Referenced Paragraph 127. The first sentence of referenced paragraph 127 of the LG Electronics Counterclaims consists entirely of legal conclusions as to which no response is required. MPT admits that the named inventors on the Johnston '377 Patent signed a sworn statement in February 1991. No response is required to the additional allegations concerning the contents of that sworn statement because that document speaks for itself. MPT denies the remaining allegations of referenced paragraph 127 of the LG Electronics Counterclaims.

Referenced Paragraph 128. MPT admits that LG Electronics recites claim 1 of the Johnston '377 Patent. No response as to the contents of the Johnston '377 Patent is

03718.22442/4057712.2 -13- Case No. 10-cv-2618-H-CAB
PLAINTIFF'S RESPONSE TO LG ELECTRONICS' COUNTERCLAIM

1  required, as the Johnston '377 Patent speaks for itself.  MPT denies any remaining
2  allegations of referenced paragraph 128 of the LG Electronics Counterclaims.
3         Referenced Paragraph 129.    MPT admits that a PTO Office Action was mailed on
4  or about September 13, 1991 (the "September 13, 1991 Office Action").  No response is
5  required to the additional allegations concerning the contents of the September 13, 1991
6  Office Action because the September 13, 1991 Office Action speaks for itself.  MPT
7  denies any remaining allegations of referenced paragraph 129 of the LG Electronics
8  Counterclaims.
9         Referenced Paragraph 130.    MPT admits that a response to the September 13,
10 1991 Office Action was submitted by the applicants on or about January 17, 1992 (the
11 "January 17, 1992 Response").  No response is required to LG Electronics' further
12 allegations concerning the contents of the January 17, 1992 Response, because that
13 document speaks for itself.  MPT denies any remaining allegations of referenced paragraph
14 130 of the LG Electronics Counterclaims.
15        Referenced Paragraph 131.    MPT lacks knowledge or information sufficient to
16 form a belief as to the truth of the allegations in the first and third sentences of referenced
17 paragraph 131 of the LG Electronics Counterclaims and, on that basis, denies them. In
18 addition, no response is required because the January 17, 1992 Response and the Johnston
19 '377 Patent speak for themselves.  MPT denies the remaining allegations of referenced
20 paragraph 131 of the LG Electronics Counterclaims.
21        Referenced Paragraph 132.    No response as to the contents of Digital Pictures is
22 required, as that document speaks for itself.  MPT lacks knowledge or information
23 sufficient to form a belief as to the truth of the remaining allegations in referenced
24 paragraph 132 of the LG Electronics Counterclaims and, on that basis, denies them.
25        Referenced Paragraph 133.    No response as to the contents of Digital Pictures is
26 required, as that document speaks for itself.  MPT denies any remaining allegations of
27 referenced paragraph 133 of the LG Electronics Counterclaims.
28

1    Referenced Paragraph 134.   No response as to the contents of Digital Pictures is
2    required, as that document speaks for itself.  MPT lacks knowledge or information
3    sufficient to form a belief as to the truth of the remaining allegations in referenced
4    paragraph 134 of the LG Electronics Counterclaims and, on that basis, denies them.
5    Referenced Paragraph 135.   MPT lacks knowledge or information sufficient to
6    form a belief as to the truth of the allegations in referenced paragraph 135 of the LG
7    Electronics Counterclaims and, on that basis, denies them.
8    Referenced Paragraph 136.   MPT denies the allegations of referenced paragraph
9    136 of the LG Electronics Counterclaims.
10   Referenced Paragraph 137.   MPT admits that LG Electronics recites a portion of
11   the Johnston '377 Patent.  No response as to the contents of the Johnston '377 Patent or
12   Digital Pictures is required, as those documents speak for themselves.  MPT denies any
13   remaining allegations of referenced paragraph 137 of the LG Electronics Counterclaims.
14   Referenced Paragraph 138.   MPT denies the allegations of referenced paragraph
15   138 of the LG Electronics Counterclaims.
16   Referenced Paragraph 139.   MPT admits that Mr. Netravali is a co-author of
17   Digital Pictures.  MPT lacks knowledge or information sufficient to form a belief as to the
18   truth of the remaining allegations in referenced paragraph 139 of the LG Electronics
19   Counterclaims and, on that basis, denies them.
20   Referenced Paragraph 140.   MPT denies the allegations of referenced paragraph
21   140 of the LG Electronics Counterclaims.
22   Referenced Paragraph 141.   Regarding the first sentence of referenced paragraph
23   141 of the LG Electronics Counterclaims, MPT admits that there exists an article entitled
24   "Advances in Picture Coding" authored by Hans Musmann, Peter Pirsch, and Hans-
25   Joachim Grallert (the "Musmann Article").  MPT lacks knowledge or information
26   sufficient to form a belief as to the truth of the allegations in the second sentence of
27   referenced paragraph 141 of the LG Electronics Counterclaims and, on that basis, denies
28   them.  No response is required regarding the remaining allegations concerning the

1  Musmann Article because the document speaks for itself.  MPT denies the remaining
2  allegations of referenced paragraph 141 of the LG Electronics Counterclaims.
3       Referenced Paragraph 142.   MPT lacks knowledge or information sufficient to
4  form a belief as to the truth of the allegations in referenced paragraph 142 of the LG
5  Electronics Counterclaims and, on that basis, denies them.
6       Referenced Paragraph 143.   MPT lacks knowledge or information sufficient to
7  form a belief as to the truth of the allegations in the first sentence of referenced paragraph
8  143 of the LG Electronics Counterclaims and, on that basis, denies them.  MPT denies the
9  remaining allegations of referenced paragraph 143 of the LG Electronics Counterclaims.
10      Referenced Paragraph 144.   The phrase "material contents" is so vague and
11 uncertain that MPT lacks sufficient information and knowledge to allow it to answer the
12 corresponding allegations, and therefore denies them.  No response is required regarding
13 Digital Pictures and the Musmann Article because the documents speak for themselves.
14 MPT lacks knowledge or information sufficient to form a belief as to the truth of the
15 allegations in referenced paragraph 144 of the LG Electronics Counterclaims concerning a
16 purported article entitled "Subband Coding of Images Sequences at Low Bit Rates" and,
17 on that basis, denies them.  MPT denies the remaining allegations of referenced paragraph
18 144 of the LG Electronics Counterclaims.
19      Referenced Paragraph 145.   MPT admits that the Musmann Article was not
20 disclosed to the PTO during prosecution of the Johnston '377 Patent.  MPT denies the
21 remaining allegations of referenced paragraph 145 of the LG Electronics Counterclaims.
22      Referenced Paragraph 146.   MPT lacks sufficient information and knowledge to
23 allow it to answer the allegations in Referenced paragraph 146, and therefore denies them.
24      Referenced Paragraph 147.   MPT denies the allegations of referenced paragraph
25 147 of the LG Electronics Counterclaims.
26      Referenced Paragraph 148.   MPT lacks knowledge or information sufficient to
27 form a belief as to the truth of the allegations in the last sentence of referenced paragraph
28

148 of the LG Electronics Counterclaims and, on that basis, denies them.  MPT denies the remaining allegations of referenced paragraph 148 of the LG Electronics Counterclaims.

Referenced Paragraph 149.   No response is required to the first sentence of referenced paragraph 149 because the document cited by LG Electronics speaks for itself. MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of referenced paragraph 149 of the LG Electronics Counterclaims and, on that basis, denies them.  MPT denies any remaining allegations of referenced paragraph 149 of the LG Electronics Counterclaims.

Referenced Paragraph 150.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of referenced paragraph 150 of the LG Electronics Counterclaims and, on that basis, denies them.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in referenced paragraph 150 of the LG Electronics Counterclaims concerning a purported article entitled "A Perceptually Tuned Sub-Band Image Coder" and, on that basis, denies them.  MPT denies any remaining allegations of referenced paragraph 150 of the LG Electronics Counterclaims.

Referenced Paragraph 151.   MPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of referenced paragraph 151 of the LG Electronics Counterclaims and, on that basis, denies them.  MPT denies the remaining allegations of referenced paragraph 151 of the LG Electronics Counterclaims.

Referenced Paragraph 152.   MPT admits that the article cited by LG Electronics in referenced paragraph 152 of the LG Electronics Counterclaims was not disclosed to the PTO during prosecution of the Johnston '377 Patent.  MPT denies the remaining allegations of referenced paragraph 152 of the LG Electronics Counterclaims.

Referenced Paragraph 153.   The phrase "material contents" is so vague and uncertain that MPT lacks sufficient information and knowledge to allow it to answer the corresponding allegations, and therefore denies them.  MPT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

1  referenced paragraph 153 of the LG Electronics Counterclaims and, on that basis, denies
2  them.
3         Referenced Paragraph 154.   MPT denies the allegations of referenced paragraph
4  154 of the LG Electronics Counterclaims.
5         Referenced Paragraph 155.   MPT denies the allegations of referenced paragraph
6  155 of the LG Electronics Counterclaims.
7     31.   MPT admits that there is an actual controversy between MPT and LG Electronics
8  regarding the enforceability of the Johnston '377 Patent, but denies that LG Electronics' Fourth
9  Counterclaim has any merit.  MPT admits that LG Electronics purports to request a declaration
10 that the Johnston '377 Patent is unenforceable, but denies the viability of that request.  Except as
11 so admitted, the allegations of paragraph 31 are denied.
12    32.   MPT denies that LG Electronics is entitled to any remedy on its Fourth
13 Counterclaim.
14    33.   The statement in paragraph 33 of the LG Electronics Counterclaims consists
15 entirely of reservation of rights by LG Electronics as to which no response is required.  MPT
16 denies any allegations contained in paragraph 33 of the LG Electronics Counterclaims.

DATED: April 11, 2011              QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By  */s/ Bruce R. Zisser*
                                      Bruce R. Zisser
                                      Attorneys for Plaintiff
                                      MULTIMDEIA PATENT TRUST

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 11, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated:  April 11, 2011                              /s/ *Bruce R. Zisser*
                                                                Bruce R. Zisser