1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 MULTIMEDIA PATENT TRUST, a
Delaware Statutory Trust,

12                                                  Plaintiff,

13        vs.

14

15 APPLE INC., a California corporation;
CANON, INC., a Japanese corporation;
16 CANON U.S.A., INC., a New York
corporation; LG ELECTRONICS, INC., a
17 Korean corporation, LG ELECTRONICS
U.S.A., INC., a Delaware corporation; LG
18 ELECTRONICS MOBILECOMM
U.S.A., INC., a California corporation;
19 TIVO, INC., a Delaware corporation,

20                                                Defendants.

CASE NO. 10-CV-2618 H (CAB)

**ORDER**

**(1) DENYING DIRECTV'S
MOTION TO DISQUALIFY
QUINN EMANUEL WITHOUT
PREJUDICE**

**(2) DENYING DIRECTV'S
MOTION TO INTERVENE AS
MOOT**

21

22
        On March 9, DirecTV, Inc. ("DirecTV") filed a motion to disqualify the law firm of
23
Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") from representing Plaintiff
24
Multimedia Patent Trust ("MPT") and a motion to intervene as a third-party to bring the
25
motion to disqualify. (Doc. Nos. 29, 31.)  On April 14, 2011, Plaintiff MPT filed a response
26
in opposition to the motion to disqualify and a non-opposition to the motion to intervene.
27
(Doc. Nos. 48-51.)  On April 21, 2011, DirecTV filed its reply. (Doc. No. 53.)  The Court held
28
a motion hearing on April 28, 2011.  Michael Amon, John Thornburgh, John Crook, and Lara

- 1 -                                                    10cv2618

1  Sue Garner appeared on behalf of DirecTV.  Frederick Lorig and Harry Oliver, Jr. appeared

2  for Plaintiff MPT.  Lara Sue Garner appeared on behalf of Defendants Apple and LG

3  Electronics.  Alyssa Margaret Caridis was present on behalf of Defendant Canon.

4      The Court permits DirecTV to make its motion to disqualify Quinn Emanuel.  After due

5  consideration, the Court denies without prejudice DirecTV's motion to disqualify Quinn

6  Emanuel from representing Plaintiff MPT and denies DirecTV's motion to intervene as moot.

7                                           **BACKGROUND**

8      On December 20, 2010, Plaintiff MPT filed the present lawsuit in this Court alleging

9  patent infringement against several defendants, including Apple, Canon, LG Electronics, and

10  Tivo.  (Doc. No. 1.)  MPT asserted three patents against Defendants:  U.S. Patent Nos.

11  4,958,226 ('266 patent), 5,227,878 ('878 patent), and 5,136,377 ('377 patent).    All asserted

12  patents in this case have been construed by this Court in previous cases.[1]  DirecTV is not a

13  party to this litigation.  MPT is represented in the present case by Quinn Emanuel.

14      Previously, on February 13, 2009, Plaintiff MPT filed a lawsuit in this Court alleging

15  patent infringement against several other defendants, including DirecTV ("MPT v. DirecTV").

16  (Multimedia Patent Trust v. DirecTV, Inc., et. al., Case No. 09-CV-278-H (CAB), Doc. No.

17  1.)  In that litigation, MPT is represented by the law firm of Cooley Godward Kronish LLP.

18  Quinn Emanuel is not involved in the MPT v. DirecTV litigation.

19      DirecTV is a current client of Quinn Emanuel and has been a client since 1996.  (Doc.

20  No. 31-7, Declaration of John Crook ("Crook Decl."), ¶ 6.).  Quinn Emanuel currently

21  represents DirecTV in at least four matters.  (Id. ¶ 7.)  After learning about Quinn Emanuel's

22  representation of MPT in this present case, DirecTV and Quinn Emanuel have engaged in a

23  series of discussions regarding any potential conflicts arising from the representation.  (See

24

25      [1]The '226 patent was construed in Lucent Tech., et al. v. Gateway, Inc., et al., Case No.

26  02-CV-2060-B (CAB), Doc. No. 311.  The '878 patent was construed in Lucent Technologies
v. Microsoft Corp, Case No. 06-CV-684-H (CAB), Doc. No. 156.  Finally, the '377 patent has

27  been construed in Multimedia Patent Trust v. Microsoft Corporation, et al., Case No. 07-CV-
747-H (CAB), Doc. No. 214.  The claim construction was vacated by the Court on the request

28  of the parties after a joint motion for dismissal.  The construction in the case may still be
instructive on the claim construction in this case.

1  Crook Decl. ¶¶ 10, 12; Doc. No. 31-2, Declaration of Michael Amon ("Amon Decl."), Exs. 1-

2  4.)  The parties were unable to reach a resolution on the issue.  DirecTV brings the present

3  motion to disqualify Quinn Emanuel from representing MPT in a case where DirecTV is not

4  a party to the litigation.

5                                                 **DISCUSSION**

6  **I.      Legal Standards**

7          The right to disqualify counsel is within the discretion of the trial court as an exercise

8  of its inherent powers.  See United States v. Wunsch, 84 F.3d 1110, 1114 (9th Cir. 1996); Visa

9  U.S.A., Inc. v. First Data Corp., 241 F. Supp.2d 1100, 1103 (N.D. Cal. 2003).  Motions to

10  disqualify counsel are decided under state law.  In re County of Los Angeles, 223 F.3d 990,

11  995 (9th Cir.2000); see also Civil Local Rule 83.4(b) ("Every member of the bar of this court

12  and any attorney permitted to practice in this court shall be familiar with and comply with the

13  standards of professional conduct required of members of the State Bar of California, and

14  decisions of any court applicable thereto, which are hereby adopted as standards of

15  professional conduct of this court".).  Because a motion to disqualify is often tactically

16  motivated and can be disruptive to the litigation process, disqualification is considered to be

17  a drastic measure that is generally disfavored and imposed only when absolutely necessary.

18  Concat LP v. Unilever, PLC, 350 F. Supp.2d 796, 814-15 (N.D. Cal. 2004).  In addition,

19  requests for disqualification "should be subjected to particularly strict judicial scrutiny." Optyl

20  Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1050 (9th Cir.1985) (internal

21  quotations omitted).  The party seeking disqualification bears a heavy burden.  City and

22  County of San Francisco v. Cobra Solutions, Inc., 38 Cal.4th 839, 851 (2006).

23          Under rules of professional conduct, a lawyer owes a client a duty of loyalty.  California

24  Rule of Professional Conduct 3-310(c) states that:

25          (C)      A member shall not, without the informed written consent of each client:

26                   (1)      Accept representation of more than one client in a matter in which the
                              interests of the clients potentially conflict; or

27

28                   (2)      Accept or continue representation of more than one client in a matter in
                              which the interests of the clients actually conflict; or

1
2
       (3)     Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

3 Cal. Rule of Prof'l Conduct 3-310(c).  Furthermore, the ABA Model Rule of Professional

4 Conduct 1.7 states that:

5
6
       (a)     Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

7
8
           (1)     the representation of one client will be directly adverse to another client; or

9
10
           (2)     there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

11 Model Rules of Prof'l Conduct R 1.7.

12 **B.     Analysis**

13      DirecTV recognizes that Quinn Emanuel is not representing Plaintiff MPT in the MPT

14 v. DirecTV patent infringement suit.  DirecTV additionally recognizes that Quinn Emanuel

15 only represents DirecTV in matters unrelated to the MPT patent infringement lawsuits.

16      Nevertheless, DirecTv argues that Quinn Emanuel's representation of MPT in this case

17 will create a conflict because MPT is asserting the same patents against Defendants as it does

18 against DirecTV in the MPT v. DirecTV case. (Doc. No. 31 at 5-6.)  Thus, DirecTV contends

19 that the positions that Quinn Emanuel will have to advance on MPT's behalf with regard to

20 claim construction, infringement, invalidity, licensing, damages, and patent exhaustion may

21 be adverse to DirecTV's interests as a defendant in MPT v. DirecTV. (Id. at 5-6, 9-10.)  Even

22 though the positions will be taken against Defendants in this case—and not DirecTV

23 directly—DirecTV argues that any decision made in this case may be relevant or persuasive

24 in the MPT v. DirecTV case.  (Id. at 9-10.)  Furthermore, DirecTV contends that the duty of

25 loyalty is designed to protect the client's interests and its trust and confidence in Quinn

26 Emanuel as its counsel on the other matters will be compromised by the conflict in the MPT

27 cases.  (Doc. No. 53 at 687.)

28      In opposition, Quinn Emanuel emphasizes that it is not adverse to DirecTV in any case.

1   (Doc. No. 48 at 1.)  Instead, Quinn Emanuel contends that any potential would be a positional

2   conflict—it may advance legal arguments in its representation of its case that could be contrary

3   to DirecTV's positions in the MPT v. DirecTV case.  (Id. at 2-3.)  Quinn argues that such

4   positional conflicts are not prohibited under the rules of professional responsibility.   In

5   particular, Quinn argues that Rule 3-310(c)(3) does not prohibit the concurrent representation

6   of clients whose interests are adverse only in a matter in which the attorney does not represent

7   either client—i.e. the MPT v. DirecTV case.  (Id. at 6-7.)

8          The parties agree that the situation does not implicate issues of attorney client privilege

9   or confidential information.  The core of the conflict is whether Quinn Emanuel's actions that

10  it takes during the presentation of MPT in this case will be directly adverse to DirecTV in the

11  MPT v. DirecTV case.  See Cal. Rule of Prof'l Conduct 3-310(c)(3); Model Rule of Prof'l

12  Conduct R 1.7.

13         California Rule of Professional Conduct 3-310(c)(3) permits attorneys to have

14  concurrent representation of clients whose interests are adverse in a separate matter.  Rule 3-

15  310(c)(3) "does not prohibit the concurrent representation of clients whose interests are

16  adverse only in a matter in which the attorney does not represent either client."  Fremont

17  Indemnity Co. v. Fremont General Corp., 143 Cal. App. 4th 50, 65 (Cal. App. 3d 2006).  Here,

18  MPT sued DirecTV in a case where neither party is represented by Quinn Emanuel—MPT is

19  represented in that case by Cooley Godward.[2]

20         The parties cite to two patent cases also involving third-parties who intervened in the

21  case to object to its counsel's representation of the plaintiffs.  DirecTV cites to Rembrandt

22  Tech. v. Comcast Corp., et al., No. 05CV443, 2007 WL 470631 (E.D. Tex Feb. 8, 2007).  In

23  the case, Rembrandt was represented by Fish and Richardson in several patent infringement

24  cases.  Rembrandt, 2007 WL 470631 at *1.  Fish and Richardson represented Time Warner in

25  an unrelated lawsuit.  Id.  Rembrandt—not represented by Fish and Richardson—then sued

26  Time Warner on a patent infringement suit involving the same patents are the other suits.  Id.

27

28         [2]Cooley Godward represents Defendant Apple in other matters and therefore, will not
    be participating in the present MPT v. Apple case.

1    Despite Fish and Richardson not representing Rembrandt in the case, Time Warner moved to

2    disqualify them based on the other patent suits.  Id.  The district court in Texas ruled that

3    disqualification was required under the circumstances in that case.  Id. at *4.

4           In contrast, Quinn Emanuel urges the Court to adopt the position taken in Enzo

5    Biochem v. Applera Corp., 468 F. Supp. 2d 359 (D. Conn. 2007).  In Enzo, the Hunton firm

6    represented Enzo in a patent infringement lawsuit.  Enzo, 468 F. Supp. 2d at 361.  Enzo,

7    represented by Greenberg Taurig, then filed a second patent infringement lawsuit against

8    Amersham.  Id.  Amersham was acquired by GE, which was represented by the Hunton firm

9    in other matters.  Id.  GE intervened in Enzo to move to disqualify Hunton from representing

10   Enzo.  The Connecticut district court ruled that disqualification was not required because there

11   was no direct adversity.  Id. at 368.

12          The Court is more persuaded by the reasoning of the Enzo court.  The Enzo Court

13   recognized the Hunton firm may be "making arguments on behalf of Enzo with respect to

14   patent invalidity that are contrary to the views of Amersham, but [the] issue [was] one relating

15   to the circumstances of Enzo's patents and independent of the specific circumstances of

16   Amersham."  Enzo, 468 F. Supp. 2d at 367.  Furthermore, "while the construction of Enzo's

17   patents applicable to the infringement claims brought against two separate accused infringers,

18   Amersham and Applera, implicates pretrial Markman overlap, the trials of how those

19   constructions apply to the respective accused products or conduct are wholly separate."  Id.

20   Likewise, the accused products in this case are not the DirecTV accused products.  Thus,

21   Quinn Emanuel may not take any position in this litigation that would necessarily be adverse

22   to DirecTV in its MPT litigation.  Furthermore, the Rembrandt case even recognized that "the

23   mere possibility of overlapping Markman proceedings is insufficient to show direct diversity,

24   particularly when the trials of how the constructions will apply to accused products or conduct

25   varies from defendant to defendant."  Rembrandt, 2007 WL 470631 at *4.

26          As a practical matter, the claim construction in this case is unlikely to be joined with

27   the MPT v. DirecTV case.  A claim construction hearing, along with briefing schedule, has

28   been set in MPT v. DirecTV for August 23, 2011.  (See Case No. 09-CV-278-H (CAB), Doc.

- 6 -

1  No. 341.)   No claim construction hearing has been set for this case.   Thus, the claim

2  construction in MPT v. DirecTV will likely be completed before claim construction starts in

3  this case.  Also, the claim construction in this case and MPT v. DirecTV will both require

4  evaluation of three patents: the '266 patent, the '878 patent, and the '377 patent.[3]  All asserted

5  patents in this case have been construed by this Court in a previous case.[4]  Thus, the claim

6  construction to be performed in this case and MPT v. DirecTV may be informed partially by

7  the previous constructions the Court has also already performed in past cases.

8         The Court has carefully considered the parties' argument and the balance between

9  protection of the duty of loyalty against the right to choose one's counsel.  California Rule of

10  Professional Conduct 3-310(c)(3) and ABA Model Rule of Professional Conduct 1.7 prohibit

11  cases where there is direct adversity.  The Court concludes that DirecTV has not met the heavy

12  burden to show that Quinn Emanuel's representation of MPT in this case—where Quinn

13  Emanuel only represents DirecTV in unrelated matters—will necessarily be adverse to

14  DirecTV in its wholly separate case.  See Cobra Solutions, 38 Cal. 4th at 851.  At present, any

15  potential direct conflict between Quinn's representation of MPT in this case and DirecTV in

16  the separate MPT v. DirecTV case is speculative.  Accordingly, the Court denies the motion

17  to disqualify Quinn Emanuel without prejudice.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26

27      [3]MPT v. DirecTV also involves infringement of two patents not at issue in this case: U.S. Patent Nos. 5,550,678 ('678 patent) and 5,563,593 ('593 patent).

28      [4]See infra note 1.

10cv2618

1

## **CONCLUSION**

2        After due consideration and exercising its sound discretion, the Court denies DirecTV's

3   motion to disqualify Quinn Emanuel without prejudice.  The Court denies the motion to

4   intervene as moot.

5        **IT IS SO ORDERED.**

6   DATED: April 29, 2011

7

8                                    MARILYN L. HUFF, District Judge
                                     UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv2618