# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br><br><br>APPLE INC., et al.,<br>　　　　　　　　Defendants. | CASE NO. 10-CV-2618-H (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING CANON'S MOTION TO STRIKE**<br><br>[Doc. Nos. 301]<br><br>**(2) GRANTING IN PART AND DENYING IN PART APPLE'S MOTION TO STRIKE**<br><br>[Doc. Nos. 310, 316]<br><br>**(3) GRANTING IN PART AND DENYING IN PART LG'S MOTION TO STRIKE**<br><br>[Doc. Nos. 307, 315] |

On September 10, 2012, Defendants Canon U.S.A., Inc. and Canon, Inc. (collectively "Canon"), LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively "LG"), and Apple, Inc. ("Apple") filed motions to strike Plaintiff Multimedia Patent Trust ("MPT")'s final infringement contentions. (Doc. Nos. 301, 307, 310, 314-16.) On September 21, 2012, MPT filed its response in opposition to Defendants' motions. (Doc. Nos. 324, 328.) On September 24 and 25, 2012, the Defendants filed their

1  replies in support of their motions. (Doc. Nos. 334, 337, 343.) On September 28, 2012, the
2  Court held a telephonic hearing on the matter. Christopher Mathews, Frederick A. Lorig,
3  Bruce R. Zisser, Matthew V. Herron, and Diane Hutnyan appeared for MPT. Juanita Brooks,
4  Lara S. Garner, and Richard Sterba appeared for Apple. Justin Barnes appeared for LG.
5  Richard Martinelli and Alyssa Caridis appeared for Canon. For the reasons below, the Court
6  **GRANTS** Canon's motion to strike, **GRANTS IN PART** and **DENIES IN PART** Apple's
7  motion to strike, and **GRANTS IN PART** and **DENIES IN PART** LG's motion to strike.

## BACKGROUND

9  On December 20, 2010, MPT filed a complaint for patent infringement against
10 Defendants Apple, LG, and Canon. (Doc. No. 1, Compl.) The complaint alleges that
11 Defendants are liable for infringement of one or more of four patents related to video
12 compression technology: U.S. Patent Nos. 4,958,226 ("the '266 patent"), 5,227,878 ("the '878
13 patent"), 5,500,678 ("the '678 patent"), and 5,136,377 ("the '377 patent') (collectively the
14 "patents-in-suit"). (Id.) On March 21, 2011, Apple, LG, and Canon filed their answers. (Doc.
15 Nos. 38-39, 41.)

16 On May 31, 2011, the Court issued a partial scheduling order requiring MPT to serve
17 its preliminary infringement contentions by December 8, 2011. (Doc. No. 65.) On December
18 8, 2011, MPT served its preliminary infringement contentions, but acknowledged that they
19 were not as detailed as they might have been. (Doc. No. 122.) On December 16, 2011, the
20 Court set a new deadline requiring MPT to serve revised supplemental infringement
21 contentions by May 1, 2012. (Id.) On May 1, 2012, MPT served its supplemental
22 infringement contentions. (Doc. No. 328-1, Declaration of Christopher Mathews ("Mathews
23 Decl.") Exs. 4-6.) The Defendants moved to strike MPT's supplemental infringement
24 contentions, arguing that the contentions were deficient because they did not contain complete
25 claim charts. (Doc. No. 162.) On May 30, 2012, the Court denied the motions to strike
26 without prejudice. (Doc. No. 175.)

27 On June 8, 2012, after conferring with the parties, the Court issued a full scheduling
28 order setting forth all the case management deadlines up to trial. (Doc. No. 184.) This Order

required MPT to serve its final infringement contentions by September 4, 2012. (Id.) On August 17, 2012, the Court entered its claim construction order in this case, which adopted the Court's prior constructions from <u>MPT v. DirecTV</u>, 09-cv-278, except for a few changes. (Doc. No. 258.) On September 4, 2012, MPT served its final infringement contentions without first seeking leave of court to amend its contentions. (Doc. No. 328-1, Mathews Decl. Exs. 1-3) On September 5, 2012, the Court held a telephonic status conference to discuss amendments to the case management scheduling order with the parties. (Doc. No. 298.) On September 6, 2012, the Court adopted the parties' proposed revisions to the scheduling order, which moved the deadlines for expert reports back by one week. (Doc. No. 300.) By the present motions to strike, Defendants ask the Court to strike MPT's final infringement contentions. (Doc. Nos. 301, 307, 310, 314-16.)

## DISCUSSION

### I. Legal Standards on Infringement Contentions

The Southern District of California's Patent Local Rules require a party claiming patent infringement to serve on all parties "Preliminary Infringement Contentions" meeting the requirements of Patent Local Rule 3.1 within fourteen (14) days of the initial case management conference. Patent L.R. 3.1. Under Patent Local Rule 3.6, each party's "Preliminary Infringement Contentions" will be deemed to be that party's final contentions, except:

> If a party claiming patent infringement believes in good faith that (1) the court's Claim Construction Ruling so requires, or (2) the documents produced pursuant to Patent L.R. 3.4 so require, then not later than thirty (30) days after service by the court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by Patent Local Rules 3.1.c and d.[1]

Patent Local Rule 3.7 allows for the amendment of a party's "Preliminary Infringement Contentions" for any reason other than those allowed by Patent Local Rule 3.6 "only by order

---

[1] Patent Local Rule 3.1(c) requires a chart identifying where each of the elements of the asserted claim in found within each accused product. Patent Local Rule 3.1(d) requires information stating whether each element is claimed to be literally present in the accused products or present under the doctrine of equivalents.

1  of the court, which will be entered only upon a showing of good cause."

2  To make a satisfactory showing of good cause, a party seeking to amend its infringement contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed in discovery." O2 Micro Int'l, Ltd. v. Monolithic Power Sys., 467 F.3d 1355, 1363 (Fed. Cir. 2006); see also CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal. 2009) ("The 'good cause' requirement disallows infringement contentions from becoming moving targets throughout the lawsuit."). The party seeking leave to amend bears the burden of establishing diligence. O2 Micro, 467 F.3d at 1366. Further, even if the moving party establishes diligence, the Court should then consider prejudice to the non-moving party in determining whether leave to amend should be granted. See O2 Micro, 467 F.3d at 1368; CBS Interactive, 257 F.R.D. at 201.

**II.  Analysis**

  **A.  Canon's Motion to Strike**

Canon moves to strike MPT's final infringement contentions, arguing that these final contentions allege for the first time that Canon hardware infringes the '878 Patent, and that these amendments were made without leave of court and are not required by the Court's claim construction order. (Doc. No. 301-1 at 1.) In response, MPT argues that it is allowed to amend its contentions based on the Court's claim construction order and newly produced discovery. (Doc. No. 328 at 11-14, 19-21.)

In its May 1, 2012 preliminary infringement contentions against Canon, MPT divided Canon's accused products into five groups. (See Doc. No. 314, Declaration of Alyssa Caridis, ("Caridis Decl.") Ex. A.) With respect to the first group of accused products ("CAN-1"), MPT asserted claims 13, 14, and 15 of the '878 Patent against Canon based the ZoomBrowser third-party software contained in those products. (Id. at 7.) In its September 4, 2012 final infringement contentions, MPT for the first time asserted claims 13, 31, and 32 of the '878 Patent against Canon based on Canon's hardware source code. (Doc. No. 314, Caridis Decl. Ex. B. at 5.)

MPT first argues that it is entitled to amend its contentions pursuant to Local Patent

Rule 3.6 based on the Court's claim construction order. (Doc. No. 328 at 11-12.) However, not all of MPT's amendments are of the types permitted under Rule 3.6. Patent Local Rule 3.6 only allows a party to amend its contentions with respect to the information required by Patent Local Rules 3.1(c) and (d). These rules require counsel to provide a claim chart and provide a statement of whether there is literal infringement and/or infringement under the doctrine of equivalents, respectively. See Patent L.R. 3.1. MPT's final infringement contentions do not simply provide alterations to its claims charts or its statement about the types of infringement. MPT's final infringement contentions allege for the first time that the CAN-1 products infringe claims 31 and 32 of the '878 Patent. These changes are amendments with respect to the information required by Patent Local Rule 3.1(b). This rule requires counsel to provide a list of which accused products infringe which asserted claims. Therefore, MPT's amendments with respect to claims 31 and 32 of the '878 Patent are not permitted under Patent Local Rule 3.6.

The only amendments that could be permitted under Rule 3.6 are amendments to the contentions related to claim 13 because that claim was asserted against the CAN-1 products in the prior contentions. However, even with respect to this claim, MPT is only allowed to amend its contentions under Rule 3.6 if the amending party believes in good faith that the Court's claim construction order so requires. See Patent L.R. 3.6(a)(1). MPT argues that the Court's claim construction order changed the construction of the term "fields" found in claim 13 from prior constructions entered by the Court. (Doc. No. 328 at 11.) In the Court's claim construction order, the Court changed the construction of the term "fields" to include non-contiguous picture elements, in addition to contiguous picture elements. (Doc. No. 258 at 86, 119.) Canon argues that MPT could not have had a good faith belief that this new construction required amendment of its contentions because Canon's newly accused codecs do not use non-contiguous pixel arrangements, and MPT's new contentions are not based on any allegations that Canon is using non-contiguous pixel arrangements. (Doc. No. 301 at 6.) MPT provides no response to this argument in its opposition. Therefore, MPT has failed to show that it was entitled to amend its infringement contentions for claim 13 of the '878 Patent pursuant to Rule

3.6 based on the Court's construction of the term "fields."

Because MPT has failed to show that it was entitled to amend its infringement contentions against Canon under Rule 3.6, MPT must show that it was entitled to make these amendments under Patent Local Rule 3.7. MPT argues that good cause exists for amendment of its contention pursuant to Rule 3.7 because of newly produced discovery. (Doc. No. 328 at 12-14.) New information developed in discovery can provide a basis for amendment of a party's infringement contentions. O2 Micro, 467 F.3d at 1366. However, the party must still make a showing of diligence. Id. In its motion, Canon argues that MPT's final infringement contentions are based on information that was provided to MPT well before September 2012. (Doc. No. 301-1 at 8.) Canon asserts that it produced its technical documents showing the operation of the accused products by November 17, 2011; it allowed MPT to inspect its source code on September 19 and 20, 2011, November 1, 2011, and January 6, 2012; and it allowed MPT to take a 30(b)(6) deposition related to Canon's source code on February 7 and 8, 2012. (Doc. No. 301- at 2-3; Doc. No. 301-2, Caridis Decl. ¶¶ 2-4.) MPT does not dispute these facts in its opposition. MPT argued at the hearing that it was not given all of the relevant discovery until later. Specifically, MPT complains that Canon did not produce certain discovery and a 30(b)(6) deponent on certain technical issues until September 13, 2012. (Doc. No. 328 at 21; Doc. No. 324-4, Mathews Decl. Ex. 23.) However, this argument fails to establish MPT's diligence in seeking amendment. Because the final infringement contentions were served on September 4, 2012, it is clear that the contentions do not rely on any of the discovery that was obtained on September 13, 2012. Therefore, any possible delay in obtaining the September 13, 2012 discovery could not have served as the basis for MPT amending its infringement contentions on September 4, 2012. Accordingly, MPT has failed to establish diligence in seeking amendment, and therefore has also failed to establish "good cause" for amendment under Patent Local Rule 3.7. See, e.g., O2 Micro, 467 F.3d at 1367-68 (affirming district court's denial of leave to amend infringement contentions where the party seeking to amend had the necessary discovery almost three months before serving its proposed amended contentions and moving for leave to amend); see also Diagnostic Sys. Corp. v.

Symantec Corp., 2009 U.S. Dist. LEXIS 53916, at *22 (C.D. Cal. Jun. 5, 2009) ("[A]after a plaintiff-patentee has had a reasonable opportunity to review the source code for the defendant's accused software product, the patentee's time for trolling the proverbial waters for a theory of infringement comes to an end . . . .").

In sum, the Court grants Canon's motion to strike MPT's final infringement contentions. Specifically, the Court strikes MPT's final infringement contentions to the extent MPT asserts claims 13, 31, and 32 of the '878 Patent against the CAN-1 accused products based on Canon's hardware source code.

### B. Apple's Motion to Strike

Apple moves to strike MPT's final infringement contentions, arguing that these final contentions contained for the first time infringement contentions against Apple's iPhone 4S smartphone and contentions for claims 31 and 32 of the '878 Patent against Apple products other than the iPod Nano (5th Gen). (Doc. No. 316 at 1.) In response, MPT argues that it is allowed to amend its contentions based on the Court's claim construction order and newly produced discovery. (Doc. No. 328 at 11-14, 19-21.)

In its May 1, 2012 preliminary infringement contentions against Apple, the only product that was accused of infringing claims 31 and 32 of the '878 Patent was the iPod Nano (5th Gen). (Doc. No. 316, Declaration of Alex Eaton-Salners, ("Salners Decl.") Ex. X at 24.) In addition, the iPhone 4S was not listed as an accused product in these infringement contentions.[2] (See id.) In its September 4, 2012 final infringement contentions, MPT added the iPhone 4S as an accused product, (Id. Ex. Y at 13), and MPT asserted claims 31 and 32 of the '878 Patent against several Apple products in addition to the iPod Nano (5th Gen). (Id. at 7, 9, 12-13.)

MPT first argues that it is entitled to amend its contentions pursuant to Patent Local Rule 3.6 based on the Court's claim construction ruling. (Doc. No. 328 at 11-12.) In response,

---

[2] MPT did include a footnote stating that it anticipated that later discovery would reveal that the iPhone 4S uses the H4 chip, and, therefore, is properly included in group four of MPT's infringement contentions against Apple. (Salners Decl. Ex. X at 16 n.12.)

1  Apple argues that MPT's amendment are not permitted under Patent Local Rule 3.6. (Doc.
2  No. 342 at 2-3.) MPT's final infringement contentions change the accused products listed as
3  infringing claims 31 and 32 of the '878 Patent, and add a new accused product, the iPhone 4S.
4  These changes are amendments with respect to the information required by Patent Local Rule
5  3.1(b), which requires providing a list of which accused products infringe which asserted
6  claims. Therefore, MPT's amendments are not permitted under Patent Local Rule 3.6, which
7  only allows amendment with respect to the information required by Patent Local Rules 3.1(c)
8  and (d). Accordingly, MPT's amendments are only valid if they are allowed pursuant to Patent
9  Local Rule 3.7.

10  MPT argues good cause exists for amendment of its contentions pursuant to Patent
11  Local Rule 3.7 because of newly produced discovery. (Doc. No. 328 at 12-18.) However, to
12  meet the "good cause" standard contained in Rule 3.7, MPT must show that it has been
13  diligent. See O2 Micro, 467 F.3d at 1366. With respect to the iPhone 4S, Apple asserts that
14  it provided MPT with all of the relevant source code in March and April of 2012. (Doc. No.
15  316 at 3-4.) However, Apple also admits in its motion that it recently produced additional
16  information to MPT related to the H4 chip used in the iPhone 4S and the iPad 2 and the
17  VXD390 video decoder and VXE video encoder. (Id. at 7.) In its opposition, MPT argues that
18  these documents allowed it to better understand the previously produced source code. (Doc.
19  No. 328 at 16.) Therefore, the Court concludes that MPT has established its diligence in
20  amending its contentions against the iPhone 4S and the iPad 2.

21  Apple argues that it would be prejudiced by amendment of MPT's infringement
22  contentions because these amended contentions were served only two and a half weeks before
23  the deadline for Apple's opening expert reports on invalidity and only five and a half weeks
24  before the deadline for Apple's rebuttal expert report on non-infringement. (Doc. No. 316 at
25  9-10, 13-15.) Apple's claims of prejudice relate to the Court's scheduling order. On May 30,
26  2012, the Court entered a scheduling order after conferring with the parties, setting September
27  4, 2012 as the deadline for MPT to file any amendments to its infringement contentions. (Doc.
28  No. 176.) Therefore, Apple was put on notice back in late May that MPT might seek to amend

its infringement contention on September 4. Indeed, at the hearing regarding the scheduling order, MPT mentioned that it intended to amend its contentions. (See Doc. No. 177.) Moreover, on September 5, 2012, after Apple had received the amended infringement contentions, the Court held a telephonic status conference about the schedule, and the Defendants only requested to move the deadlines related to expert discovery back one week, which the Court granted. (Doc. Nos. 299, 300, 321.) Therefore, the Court concludes that Apple would not be unduly prejudiced by allowing MPT to amend its infringement contentions against the iPhone 4S and the iPad 2.

With respect to the remaining products that were newly accused of infringing claims 31 and 32 of the '878 Patent, Apple asserts that it provided MPT with the relevant source code in March and April of 2012. (Doc. No. 316 at 3-4.) In its opposition, MPT acknowledges that Apple provided the relevant source code around March or April. (Doc. No. 328 at 18.) Therefore, MPT agrees that it had the relevant discovery to make its amendments related to the other products accused of infringing claims 31 and 32 of the '878 Patent by at least April 2012.[3] Accordingly, MPT has failed to establish diligence in seeking amendment, and therefore has also failed to establish "good cause" for amendment under Patent Local Rule 3.7. See O2 Micro, 467 F.3d at 1367-68; Diagnostic Sys., 2009 U.S. Dist. LEXIS 53916, at *22.

In sum, the Court grants in part and denies in part Apple's motion to strike MPT's final infringement contentions. Specifically, the Court strikes MPT's final infringement contentions to the extent they assert claims 31 and 32 of the '878 Patent against Apple products other than the iPod Nano (5th Gen), the iPhone 4S, and the iPad 2.

### C. LG's Motion to Strike

LG moves to strike MPT's final infringement contentions, arguing that these final contentions assert the '878 patent for the first time against any LG products. (Doc. No. 315

---

[3] In its opposition, MPT complains of Apple discovery that was only recently produced in late August 2012. (Doc. No. 328 at 13-14.) However, MPT fails to explain how this discovery is relevant to its final infringement contentions against these accused products. As the party seeking amendment, MPT bears the burden of establishing its diligence. See O2 Micro, 467 F.3d at 1366.

at 1.) LG also argues that these contentions assert for the first time the '377 Patent against LG products that include Qualcomm's MSM6575 chip and LG products that include a chip manufactured by third-party Aricent. (Id.) In response, MPT argues that it is allowed to amend its contentions based on newly produced third-party discovery. (Doc. No. 328 at 12-14, 19-21.)

MPT's May 1, 2012 preliminary infringement contentions asserted several claims of the '878 Patent and the '377 Patent against LG products, but failed to provide claim charts for all of MPT's assertions. (See Doc. No. 315, Declaration of Justin M. Barnes, ("Barnes Decl.") Ex. D.) In MPT's September 4, 2012 final infringement contentions, MPT provided new claim charts asserting claims of the '878 Patent and claims of the '377 Patent against LG products containing the Aricent chip and LG products containing the Qualcomm MSM6575 chip. (See id. Exs. G-M.)

MPT argues that it is entitled to amend its infringement contentions pursuant to Patent Local Rule 3.7 because these amendments are based on recently obtained third-party discovery that MPT had been diligent in obtaining. (Doc. No. 328 at 18-19.) Specifically, MPT states that it did not receive much of the relevant source code from Qualcomm related to the MSM6575 chip until August 30, 2012, and it was not able to view the Aricent source code until May 16, 2012 and was not given hard copies of the source code until July 6, 2012. (Id. at 18; Doc. Nos. 324-4, 328-5, Mathews Decl. Exs. 25, 32.) New information developed in discovery can provide a basis for amendment of a party's infringement contentions as long as the party was diligent in obtaining the discovery. O2 Micro, 467 F.3d at 1366. LG argues that MPT was not diligent in obtaining this discovery because it should have filed motions to compel to obtain this discovery months ago. (Doc. No. 334 at 6-9.) The Court disagrees and recognizes the difficulty in obtaining third-party discovery, in particular source code which is heavily protected by companies. Cf. Apple Inc. v. Samsung Elecs. Co., 2012 U.S. Dist. LEXIS 62971, at *10-11 (N.D. Cal. May 4, 2012) (noting the difficulties that arise in source code production). Accordingly, the Court concludes that MPT has shown that it has acted with diligence in obtaining the third-party discovery. However, because the Court finds that MPT

has only specifically shown diligence in obtaining discovery related to the Qualcomm MSM6575 chip and that is the only Qualcomm chip mentioned in MPT's final contentions, (Doc. No. 315, Barnes Decl. Ex. R at 6), the Court limits MPT's final infringement contentions related to the Qualcomm chips to include only LG products that contain the Qualcomm MSM6575 chip.

LG argues that it would be prejudiced by amendment of MPT's infringement contentions because these amended contentions were served only two and a half weeks before the deadline for LG's opening expert reports on invalidity and only five and a half weeks before the deadline for LG's rebuttal expert report on non-infringement. (Doc. No. 315 at 12-13.) LG's claims of prejudice relate to the Court's scheduling order and are the same arguments that are made by Apple. The Defendants were on notice that MPT might file final infringement contentions on September 4, 2012. Further, on September 5, 2012, after having received the new contentions, the Defendants only requested that the Court move back the expert discovery deadlines by one week, which the Court granted. (Doc. Nos. 299, 300, 321.) Therefore, the Court concludes that LG will not be unduly prejudiced by allowing MPT to amend its infringement contentions.

In sum, the Court concludes that MPT has established "good cause" for amending its infringement contentions under Patent Local Rule 3.7 based on the recently obtained third-party discovery.[4]  See O2 Micro, 467 F.3d at 1366. The Court will allow MPT's final infringement contentions against LG to stand. However, the Court will limit the contentions related to the Qualcomm chips to include only LG products that contain the Qualcomm MSM6575 chip. Accordingly, the Court grants in part and denies in part LG's motion to strike.

///

///

---

[4] Because MPT has shown that it is entitled to amend its infringement contentions pursuant to Patent Local Rule 3.7, the Court does not address MPT's argument that it was also entitled to amend its infringement contentions against LG pursuant to Patent Local Rule 3.6.

### Conclusion

For the reasons above, the Court **GRANTS** Canon's motion to strike MPT's final infringement contentions; **GRANTS IN PART** and **DENIES IN PART** Apple's motion to strike MPT's final infringement contentions; and **GRANTS IN PART** and **DENIES IN PART** LG's motion to strike MPT's final infringement contentions.

**IT IS SO ORDERED**.

Dated: September 28, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT