# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC., et al., <br><br> Defendants. | CASE NO. 10-CV-2618-H (KSC) <br><br> **ORDER:** <br><br> **(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE** <br><br> [Doc. Nos. 456, 646] <br><br> **(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE** <br><br> [Doc. No. 457] |

On October 23, 2012, the parties filed their respective motions in limine. (Doc. Nos. 456-57.) On November 6, 2012, the parties filed their respective responses in opposition to the motions in limine. (Doc. Nos. 572, 580.) On November 13, 2012, the parties filed their respective replies. (Doc. Nos. 621, 623.) On November 19, 2012, MPT filed an additional motion in limine. (Doc. No. 646.) On November 20, 2012, the Court held a hearing on the matter. Christopher Mathews, Frederick Lorig, Sidford Brown, and Diane Hutnyan appeared for MPT. Justin Barnes, Kelly Hunsaker, Michael Tyler, Lara Garner, Richard Sterba, and Michael McKeon appeared for Apple and LG. Sarita Venkat appeared for Apple. After due

consideration, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motions in limine and **GRANTS IN PART** and **DENIES IN PART** Defendants Apple and LG's motions in limine subject to contemporaneous objections at trial.

## BACKGROUND

On December 20, 2010, Plaintiff Multimedia Patent Trust ("MPT") filed a complaint for patent infringement against Defendants Apple, Inc. ("Apple"), LG[1], and Canon.[2] (Doc. No. 1, Compl.) The complaint alleges that Defendants are liable for infringement of one or more of three patents related to video compression technology: U.S. Patent Nos. 4,958,226 ("the '266 Patent"), 5,227,878 ("the '878 Patent"), and 5,136,377 ("the '377 Patent") (collectively the "Patents-in-Suit"). (Id.) On March 21, 2011, Apple, LG, and Canon filed their answers. (Doc. Nos. 38-39, 41.)

On November 9, 2012, the Court granted Canon's motion for summary judgment of its affirmative defense of patent exhaustion, removing Canon as a Defendant from this case. (Doc. No. 608 at 9-10.) On November 9, 2012, the Court also granted in part and denied in part MPT's motion for partial summary judgment and granted in part and denied in part Apple and LG's motion for partial summary judgment. (Id.) Relevant to the present motions in limine, the Court granted Apple and LG's motion for summary judgment of no willfulness, and the Court granted MPT's motions for summary judgment of Apple and LG's affirmative defenses of laches, equitable estoppel, waiver, and violation of a reasonable and non-discriminatory licensing agreement. (Id. at 25-35.) The Court declined to dismiss Apple and LG's affirmative defenses of standards setting organization estoppel, unclean hands, and patent misuse, but stated that these equitable defenses will be tried to the Court and not the jury. (Id. at 36-39.)

///

---

[1] "LG" includes LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc.

[2] "Canon" includes Canon U.S.A., Inc. and Canon, Inc.

# DISCUSSION

## I. Plaintiff's Motion in Limine to Preclude Prior Litigation References

MPT moves to preclude argument or evidence related to prior litigation involving MPT, its predecessors in interest, or the Patents-in-Suit. (Doc. No. 456-1 at 1-5.) MPT argues that such evidence or argument is irrelevant, unduly prejudicial, and would lead to jury confusion. (Id.) MPT clarifies that it is not moving to exclude evidence of licenses that were the result of prior litigation because that evidence is relevant to damages, and it is not moving to exclude the reference to prior proceedings for impeachment purposes. (Id. at 3-4.) In response, Defendants argue that the prior cases are relevant to a number of issues, including liability, damages, willfulness, and unclean hands. (Doc. No. 572 at 1-3.)

On November 9, 2012, the Court granted Defendants' motion for summary judgment of no willfulness, and the Court stated that Defendants' defense of unclean hands will be tried to the Court and not the jury. (Doc. No. 608 at 30, 37, 39.) Therefore, these issue will not be presented to the jury. Furthermore, the Court disagrees with Defendants that the prior cases are relevant to their liability.[3] At most, the prior cases may be arguably be relevant to damages, but subject to the preclusion under Rule 403 of arguments concerning the ultimate outcome of the case. For example, MPT's own damages expert, Mr. Yurkerwich, mentions the outcomes of the Microsoft trials as part of his damages analysis. (Doc. No. 495-1, Declaration of Justin Barnes Ex. A at 27, Ex. C at 34-35.) Accordingly, the Court grants in part and denies in part Plaintiff's motion in limine No. 1 without prejudice to any contemporaneous objections at trial. Defendants are precluded from presenting argument or evidence related to prior litigation involving MPT, its predecessors in interest, or the Patents-in-Suit, except to the extent such evidence is relevant to damages. The parties are to meet and confer regarding the appropriate language to be used constituted with the Court's oral

---

[3] Infringement is proven by comparing the properly construed claims to the accused products, see Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995), aff'd 517 U.S. 370, not by comparing Defendants' products to Microsoft's products that were found not to infringe the '226 Patent and the '878 Patent.

1  instructions at the hearing. The use of prior transcripts or admissions for impeachment is also
2  permissible, but counsel should refer to the transcripts or testimony as a "prior proceeding,"
3  absent further order from the Court.

## II. Plaintiff's Motion in Limine to Preclude Reference to Steve Jobs or Apple Products

MPT moves to preclude Apple from mentioning, displaying images of, or presenting evidence relating to former Apple CEO Steve Jobs and to preclude Apple from presenting media articles or publicity praising Apple or its products in general. (Doc. No. 456-1 at 5-6.) MPT argues that any such argument or evidence is irrelevant to the claims and defenses at issue in this case and would be unduly prejudicial. (Id.) In response, Apple argues that such evidence is permissible because Apple should be allowed to present itself to the jury. (Doc. No. 572 at 3-5.) Apple also argues that this evidence is relevant to the issue of damages in this case, as shown by MPT's own damages expert who considered several documents praising Apple's products and mentioning Steve Jobs. (Id.) In reply, MPT argues that its expert can rely on party admission, while Apple's reliance on these documents would be hearsay. (Doc. No. 621 at 3.) MPT also argues that Apple's attempt to rely on such evidence to present itself as a "reputable, innovative" company would be impermissible character evidence. (Id.)

The Court recognizes that an overemphasis on articles praising Apple and its products and Steve Jobs could possibly result in unfair prejudice to MPT if overdone. Nevertheless, the parties in this case should able to present themselves to the jury and give a general background of their company without prejudicing MPT. In support of its motion, MPT has presented the Court with two cases where the judge excluded evidence related to Steve Jobs, but in one of those cases, rather than preclude all evidence at trial, the Court concluded that the exclusion of the evidence should be made on a case by case basis. See Apple v. Samsung, No. 11-cv-1846 (N.D. Cal. Jul. 19, 2012 [Doc. No 1267 at 3-4]). Similarly, the Court concludes that the exclusion of this evidence should also be made on a case by case basis in this trial. Accordingly, the Court denies Plaintiff's motion in limine No. 2 without prejudice to any contemporaneous objections at trial.

### III. Plaintiff's Motion in Limine to Exclude Evidence/Argument Related to Unaccused Products or Undisclosed/Stricken References

MPT moves to exclude evidence and argument related to the unaccused products or undisclosed/stricken prior art references. (Doc. No. 456-1 at 6-8.) MPT argues that this evidence is not relevant because any undisclosed, dropped, or stricken products or prior art references may not be asserted or pursued in this trial. (Id.) In response, Defendants argue that certain unaccused/struck products and references are still relevant in this case. (Doc. No. 572 at 5-7.)

With respect to the dropped products, Defendants first argue that certain unaccused products are relevant to their laches defense and MPT's claim of willful infringement. (Doc. No. 572 at 5-6.) But, the Court has granted Defendants' motion for summary judgment of no willfulness and granted MPT's motion for summary judgment of Defendants' laches defense. (Doc. No. 608 at 30, 33.) Defendants also argue that the struck LG products are relevant for damages purposes. (Doc. No. 572 at 6.) Defendants argue that reference to MPT's initial demand of $61.3 million in damages from LG is necessary to show the flaws in MPT's damages analysis. (Id.) The Court determines that LG may reference that the accused products are only 10% of all of their cell phones, but it is unnecessary and prejudicial for LG to reference the original $61.3 million demand. See Fed. R. Evid. 402-03.

With respect to the prior art references, an accused infringer is limited to the invalidity theories it sets forth in its final invalidity contentions. See TQP Dev., LLC v. Merrill Lynch & Co., 2012 U.S. Dist. LEXIS 112803, at *10 (E.D. Tex. Aug. 10, 2012) (Bryson, J.) (explaining that a patentee is limited to the infringement theories it sets forth in its infringement contentions). Therefore, Defendants may not rely on any prior art references that were not disclosed in or were struck from their final invalidity contentions. Accordingly, the Court grants in part and denies in part MPT's motion in limine No. 3 without prejudice to any contemporaneous objections at trial. Defendants are generally precluded from presenting evidence or argument related to the unaccused products or undisclosed/stricken prior art references, but Defendants may reference that the accused products are only 10% of all of their

1  cell phones

### IV. Plaintiff's Motion in Limine to Exclude Undisclosed Expert Opinions

MPT moves to exclude expert testimony, opinions, or theories that were not identified in the Defendants' expert reports. (Doc. No. 456-1 at 8-9.) MPT argues that an expert's testimony should be limited to his or her expert report. (Id.) In response, Defendants state that they do not oppose this motion in limine, except that they request that the Court allow them to respond to the new opinions contained in Dr. Richardson's supplemental expert reports. (Doc. No. 572 at 7-8.)

On November 8, 2012, the Court granted Defendants leave to file a supplemental expert report responding to the new opinions contained in Dr. Richardson's supplemental reports and his corrected appendices. (Doc. No. 592 at 5.) In addition, on November 20, 2012, the Court granted Defendants leave to file a 2-page supplemental expert report responding to the new opinions in Mr. Yurkerwich's supplemental expert reports. Therefore, there is no need for Defendants to introduce expert testimony that was not contained in their expert reports. Accordingly, the Court grants MPT's motion in limine No. 4. See Fed. R. Civ. P. 26(a), 37(c)(1). The parties are precluded from offering expert testimony, opinions, or theories that were not identified in their expert reports absent further order from the Court.

### V. Plaintiff's Motion in Limine to Exclude Dropped or Dismissed Claims and Arguments Inconsistent With the Court's Claim Construction

MPT moves to preclude Defendants from referencing the fact that MPT originally asserted, but has chosen not to pursue infringement of other patents and patent claims in this case. (Doc. No. 456-1 at 9-12.) Second, MPT moves to preclude Defendants from presenting evidence, arguments, or opinions inconsistent with the Court's claim construction rulings. (Id. at 12-13.) Third, MPT moves to preclude Defendants from presenting evidence, arguments, or opinions concerning claims, patents or issues dismissed pursuant to summary judgment rulings by the Court. (Id. at 13-14.)

In response, Defendants state that they do not oppose Plaintiff's motion in limine, but they seek to clarify the appropriate scope of the motion. (Doc. No. 572 at 8-9.) First,

1 Defendants explain they may have to reference unasserted claims to clarify the appropriate
2 scope of asserted claims, but Defendants would not refer to the fact that the claim was
3 previously asserted in this litigation. (Id. at 8-9.) In reply, MPT states that its requested relief
4 would not prevent Defendants from referencing unasserted claims in this manner at trial. (Doc.
5 No. 621 at 5.) Second, Defendants clarify that MPT's motion should not exclude the parties
6 from referencing the Court's claim construction order, but only prevent the parties from
7 making references that are inconsistent with the claim construction order. (Id. at 9.) MPT's
8 requested relief would not prevent Defendants from making references to the Court's claim
9 construction order that are consistent with that order.[4]

10 Accordingly, the Court grants MPT's motion in limine No. 5. See Fed. R. Evid. 402-03.
11 Defendants are precluded from referencing the fact that MPT originally asserted, but has
12 chosen not to pursue infringement of other patents and patent claims in this case. The parties
13 are precluded from presenting evidence, arguments, or opinions inconsistent with the Court's
14 claim construction rulings. The parties are precluded from presenting evidence, argument, or
15 opinions concerning claims, patents, or issues dismissed pursuant to summary judgment rulings
16 by the Court.

**VI. Plaintiff's Motion in Limine to Exclude Settlement Negotiation That Did Not Lead To A License**

19 MPT moves to preclude Defendants from presenting evidence and argument regarding
20 settlement negotiations that did not result in a license. (Doc. No. 456-1 at 14-17.) MPT argues
21 that settlement negotiations are properly excluded under Federal Rules of Evidence 402, 403,
22 and 408. (Id.) In response, Defendants argue that pre-litigation licensing activities are relevant
23 to damages and are not subject to exclusion under Rule 408. (Doc. No. 572 at 10-12.)

---

[4] Defendants also state that they do not oppose MPT's third request for relief, except that references to the Court's summary judgment orders may be relevant to willfulness and the doctrine of equivalents. (Doc. No. 572 at 9.) Neither of these requested exceptions are necessary in light of the Court granting Defendants' motion for summary judgment of no willfulness, (Doc. No. 608 at 30), and the Court granting Defendants' motion in limine to preclude MPT from asserting infringement by the doctrine of equivalents during the trial.

1     The Court recognizes that settlement negotiations may be relevant to the determination
2  of a reasonable royalty, in particular where a damages expert provides opinions based on
3  information outside of the four corners of the relevant settlement agreements. See In re
4  MSTG, Inc., 675 F.3d 1337, 1340, 1348 (Fed. Cir. 2012); Deere & Co. v. International
5  Harvester Co., 710 F.2d 1551, 1556-57 (Fed. Cir. 1983).  Here, Apple seeks to introduce
6  evidence of its settlement negotiations with Lucent and MPT that did not materialize into a
7  license.  The Court concludes that the slight probative value of this evidence is substantially
8  outweighed by the danger of unfair prejudice to MPT.  See Fed. R. Evid. 403.  Accordingly,
9  the Court grants Plaintiff's motion in limine No. 6.  The Court excludes evidence and argument
10 regarding settlement negotiations that did not result in a license.

**VII.    Plaintiff's Motion in Limine to Preclude Discovery Disputes or Claim of Privilege**

12    MPT moves to preclude the parties from making any references to pretrial discovery
13 disputes, discovery negotiations, and/or claims of privilege. (Doc. No. 456-1 at 17-18.) MPT
14 argues that none of these discovery disputes should be referenced at trial without leave of
15 Court because they are not relevant to the claims or defenses at issue at trial. (Id.) In response,
16 Defendants state that they do not oppose MPT's motion in limine to the extent it seeks to
17 exclude evidence of discovery disputes or claims of privilege.  (Doc. No. 572 at 12-13.)
18 Defendants state that they only oppose this motion in limine to the extent it seeks to exclude
19 MPT's alleged non-production of the Fujitsu license.  (Id.)

20    However, the Fujitsu license only related to Defendant Canon, who is no longer in this
21 action. (Doc. No. 608.)  Accordingly, the Court grants Plaintiff's motion in limine No. 7.  See
22 Fed. R. Evid. 402, 403.  The Court precludes the parties from making any references to pretrial
23 discovery disputes, discovery negotiations, and/or claims of privilege without leave of Court.

**VIII.   Plaintiff's Motion in Limine to Exclude Equitable Defenses From the Jury**

25    MPT moves to preclude evidence and argument solely related to Defendants' equitable
26 defenses.  (Doc No. 456-1 at 19-21.)  MPT argues that such evidence and argument is
27 irrelevant, unduly prejudicial, and could lead to jury confusion. (Id.) In response, Defendants
28 argue that this motion should be denied because evidence of their equitable defenses may be

presented to the jury.  (Doc. No. 572 at 13-15.)

On November 9, 2012, the Court granted MPT's motion for summary judgment of Apple and LG's equitable defenses, except for their defenses of standards setting organization estoppel, unclean hands, and patent misuse.  (Doc. No. 608 at 31-39.)  In its Order, the Court stated that these equitable defenses would be tried to the Court rather than the jury.  (Id. at 37, 39.)  Therefore, evidence and argument for these equitable defenses is irrelevant, unduly prejudicial, and likely to lead to jury confusion.  See Fed. R. Evid. 402-03; Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc., 219 F.R.D. 135, 145 (N.D. Iowa 2003).  Accordingly, the Court grants MPT's motion in limine No. 8.  Defendants are precluded from presenting evidence or argument to the jury on their equitable defenses absent further order of the Court.

**IX.     Plaintiff's Motion in Limine to Exclude Contrary Claim Construction Testimony**

MPT moves to exclude Dr. Bovik from presenting an invalidity analysis that is based on MPT's interpretation of the Court's claim construction order.  (Doc. No. 456-1 at 21-23.)  MPT argues that Dr. Bovik should not be allowed to offer two alternative opinions of invalidity to the jury, and should not be allowed to present an invalidity analysis based on an interpretation of the Court's claim construction order that he disagrees with.  (Id.)  In response, Defendants argue that Dr. Bovik's invalidity analysis is properly based on the Court's claim construction order, and Dr. Bovik should be allowed to provide opinions asserting that MPT's infringement analysis improperly stretches the scope of the asserted claims in a way that would render the claims invalid.  (Doc. No. 572 at 16-22.)

In TiVo, Inc. v. Echostar Communs. Corp., the Federal Circuit upheld a district court's decision to prevent the defendant's invalidity expert from testifying that the infringement analysis presented by the patentee's expert would compel a finding of invalidity.  516 F.3d 1290, 1311-12 (Fed. Cir. 2008).  The Federal Circuit explained that a proper invalidity analysis should compare the construed claims to the prior art rather than compare the prior art to the

1  patentee's view of the claims.[5] See id. Accordingly, the Court grants MPT's motion in limine
2  No. 9. Dr. Bovik is precluded from presenting an invalidity analysis that is based on MPT's
3  interpretation of the Court's claim construction order.

4  **X.  Plaintiff's Motion in Limine to Preclude the Testimony of Barin Haskell**

5  On November 19, 2012, MPT filed an untimely motion in limine to exclude the
6  testimony of witness Barin Haskell. (Doc. No. 646.) For the reasons discussed at the hearing,
7  the Court denies Plaintiff's motion in limine without prejudice to any contemporaneous
8  objections at trial. The Court recognizes and is aware of the doctrine of assignor estoppel, and
9  Mr. Haskell cannot testify in contravention of that doctrine.

10 **XI.  Defendants' Motion in Limine to Exclude Opinions Concerning the "Control
11 Means" for CAN-1 Products**

12  Defendants move to preclude MPT from offering opinion or arguments based on the
13  theory that the CAN-1 group of accused products meet the "controls means" limitation of
14  claim 26 of the '377 Patent through the firmware structures described in
15  CompressionRateAdjuster.c. (Doc. No. 457-1 at 1-2.) In their reply, Defendants state that
16  because the Court granted Canon's motion for summary judgment, they withdraw this motion
17  in limine. (Doc. No. 623 at 1.)

18 **XII.  Defendants' Motion in Limine to Preclude Evidence of Available Structures**

19  Defendants move to preclude MPT from offering evidence or testimony that the
20  structures in the accused products were available at the time the asserted patents issued. (Doc.
21  No. 457-1 at 2-4.) Defendants argue that MPT should be precluded from offering this

---

[5] In arguing that Dr. Bovik's alternative analysis is proper, Defendants attempt to rely on the following statement from Lucent Techs., Inc. v. Gateway, Inc.: "This is so because this is what the parties to the hypothetical negotiation would have considered. Lucent tries to stretch the claim scope so that claim 19 covers all pop-up tools. If this were the proper claim construction, we might have to reverse the validity ruling." 580 F.3d 1301, 1334 (Fed. Cir. 2009). However, the next sentence states: "But the claim construction–which neither party has appealed–is not so broad." Id. Therefore, Lucent stands for the same proposition that TiVo standards for: an invalidity analysis must be based on the proper interpretation of the court's claim construction. The Court in Lucent never stated that an invalidity determination could be based the patentee's allegedly improper interpretation of the court's claim construction order.

evidence because Dr. Richardson's expert report does not offer any opinions regarding the availability of the accused structures at the times the '377, '226, and '878 patents were issued. (Id.) In response, MPT argues that Dr. Richardson's expert report directly addresses the availability of the accused structures at the time the patents issued. (Doc. No. 580 at 4-6.)

As explained in more detail in the Court's order denying Defendants' Daubert motion to exclude Dr. Richardson's equivalence analysis, Dr. Richardson has presented evidence in his expert report stating that the accused structures were available at the time the patents issued. (Doc. No. 643 at 4-5 (Doc. No. 596-1, Declaration of Bruce Zisser Ex. 1 at 40-41, Ex. 2 at 330-31).) Accordingly, the Court denies Defendants' motion in limine No. 2 without prejudice to any contemporaneous objections at trial.

**XIII. Defendants' Motion in Limine to Preclude Reference to Revenues or Profits**

Defendants move to preclude MPT from stating Defendants' revenues or profits. (Doc. No. 457-1 at 4-7.) Defendants argue that MPT may not introduce evidence of their revenues or profits absent a showing that damages under the entire market value rule are proper. (Id.) In response, MPT argues that its damages analysis does not violate the entire market value rule. (Doc. No. 580 at 7-10.)

For the reasons stated in the Court's concurrent order granting in part and denying in part Defendants' motion to exclude MPT's damages expert, to the extent MPT's damages analysis utilizes Defendants' revenues to support its reasonable royalty calculations, its analysis violates the entire market value rule. See LaserDynamics, Inc. v. Quanta Computer, Inc., 694 F.3d 51, 66-68 (Fed. Cir. 2012); Uniloc USA, Inc. v. Microsoft Corp., 632 F.3d 1292, 1319-21 (Fed. Cir. 2011). In addition, the Court concludes that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice to the Defendants. See Fed. R. Evid. 403; Uniloc, 632 F.3d at 1320 ("The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue."). Accordingly, the Court grants Defendants' motion in limine No. 3. MPT is precluded from stating or providing evidence showing Defendants' revenues or profits.

**XIV. Defendants' Motion in Limine to Preclude Unaccepted Licensing Offers**

Defendants move to preclude MPT from relying on unaccepted licensing offers as part of its damages analysis. (Doc. No. 457-1 at 7-8.) Defendants argue that licensing negotiations are irrelevant to calculating a reasonable royalty. (Id.) In response, MPT argues that the licensing negotiations its damages expert relies on are relevant because they are negotiations that materialized into an actual license. (Doc. No. 580 at 10-11.)

In support of their contention that licensing negotiations are irrelevant to calculation of a reasonable royalty, Defendants rely on cases stating the requirements to prove an "established royalty rate." (Doc. No. 457-1 at 7 (citing Trell v. Marlee Elecs. Corp., 912 F.2d 1443, 1446 (Fed. Cir. 1990); Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075, 1078 (Fed. Cir. 1983)).) However, MPT is not contending that there is an unitary established royalty rate in this case. (Doc. No. 569 at 23-24.) Therefore, these cases are not relevant to the present action. In addition, the Federal Circuit has explained that licensing offers can be relevant to the reasonable royalty analysis although it has noted that their evidentiary value is limited. See Whitserve, LLC v. Computer Packages, Inc., 694 F.3d 10, 29-30 (Fed. Cir. 2012); MSTG, 675 F.3d at 1340, 1348; Oracle Am., Inc. v. Google Inc., 798 F. Supp. 2d 1111, 1121 (N.D. Cal. 2011). Because their evidentiary value is limited, the Court will permit the parties to refer to licensing offers only where the offers materialized into an actual license. See id.; Fed. R. Evid. 403. Accordingly, the Court grants in part and denies in part Defendants' motion in limine No. 4 without prejudice to any contemporaneous objections at trial. The parties are precluded from relying on unaccepted licensing offers as part of their damages analysis, unless the licensing offers materialized into an actual license.

**XV. Defendants' Motion in Limine to Preclude An Earlier Conception Date or Reduction to Practice Date**

Defendants move to preclude MPT from offering evidence and/or testimony of an earlier conception date or reduction to practice date for the Patents-In-Suit other than the filing dates. (Doc. No. 457-1 at 8.) Defendants argue that MPT did not provide any documents evidencing an earlier conception or reduction to practice date in violation of Patent Local Rule

3.2(b). (Id.) In response, MPT argues that it properly disclosed its evidence regarding the conception, diligence, and reduction to practice date for the asserted inventions in its answers to Defendants' interrogatories. (Doc. No. 580 at 11-12.) MPT also argues that it did not violate Patent Local Rule 3.2(b) because it did not have in its possession, custody, or control any responsive documents beyond the Patents-in-Suit. (Id.)

Local Patent Rule 3.2 provides:

> With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying, the following documents in the possession, custody or control of that party:
>
> . . .
>
> b.   All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3.1.e, whichever is earlier; . . . .

Under the plain language of the rule, MPT was only required to produce documents that were in its possession, custody, or control when it served it preliminary infringement contentions. MPT stated that it did not have in its possession, custody, or control any responsive documents other than the Patents-in-Suit, which it had already produced. (Doc. No. 580 at 12.) Defendants have failed to show that MPT had responsive documents other than the Patents-in-Suit in its possession, custody, or control at the time it served its preliminary infringement contentions. In addition, even assuming there were documents in MPT's possession, Defendants have failed to show how they were prejudiced by this alleged lack of disclosure. Accordingly, the Court denies Defendants' motion in limine No. 5 without prejudice to any contemporaneous objections at trial.

**XVI. Defendants' Motion in Limine to Preclude the Doctrine of Equivalents**

Defendants move to preclude MPT from providing evidence and/or testimony asserting that the accused products infringe the Patents-in-Suit under the doctrine of equivalents. (Doc. No. 457-1 at 8-9.) Defendants argue that MPT's expert, Dr. Richardson, provided no doctrine of equivalents analysis in his expert report. (Id.) MPT does not oppose this motion in limine. (Doc. No. 580 at 13.) Accordingly, the Court grants Defendants' motion in limine No. 6.

1 | MPT is precluded from offering evidence and/or testimony asserting that the accused products
2 | infringe the Patents-in-Suit under the doctrine of equivalents.

### XVII. Defendants' Motion in Limine to Preclude Willful Infringement

Defendants move to preclude MPT from making direct or indirect mention of willful infringement or using any evidence related solely to willfulness. (Doc. No. 457-1 at 10-11.) Defendants argue that they are entitled to this relief because there is no dispute that they have not engaged in willful infringement. (Id.) In response, MPT argues that it should be allowed to present evidence of willful infringement to the jury because the jury may decide factual questions related to willfulness. (Doc. No. 580 at 13-14.)

On November 9, 2012, the Court granted Defendants' motion for summary judgment of no willful infringement. (Doc. No. 608 at 30.) Therefore, willfulness is no longer at issue in this case. Accordingly, the Court grants Defendants' motion in limine No. 7. See Fed. R. Evid. 402-03. MPT is precluded from making direct or indirect mention of willful infringement by Apple or LG, and MPT is precluded from introducing any evidence or testimony related solely to the issue of willful infringement.

### XVIII. Defendants' Motion in Limine to Preclude Inventors' Motivations

Defendants move to preclude MPT from proffering hearsay testimony from Dr. Jayant regarding the motivations or intentions of the inventors of the Patents-In-Suit. (Doc. No. 457-1 at 11.) In response, MPT argues that Defendants have failed to identify any specific statements that constitute hearsay, and any assertion by Defendants that certain testimony constitutes hearsay can be raised on a case by case basis at trial. (Doc. No. 580 at 15-17.) The Court agrees with MPT. Accordingly, the Court denies Defendants' motion in limine No. 8 without prejudice to any contemporaneous objections at trial.

### XIX. Defendants' Motion in Limine to Preclude Apple/Samsung Litigation References

Defendants move to preclude MPT from making direct or indirect mention of the litigation between Apple and Samsung. (Doc. No. 457-1 at 11-13.) Defendants argue that the Apple-Samsung litigation is irrelevant, unduly prejudicial, and likely to confuse the jury. (Id.) In response, MPT argues that Defendants' request is too broad because some evidence from

that trial may be relevant to the damages issues in this case. (Doc. No. 580 at 17-18.) MPT also states that, to the extent it does rely on such evidence at trial, MPT will agree to refer to Apple's prior litigation as a "prior proceeding" or "prior hearing" involving Apple, without naming the case or any other case specifics such as who prevailed or how much the jury did or did not award. (Id. at 18.) In reply, Defendants argue the damages requested and awarded in the Apple-Samsung litigation are not relevant to this litigation because the Apple-Samsung case involved different technology, different patents, and different accused products.

The Court agrees with Defendants. See Uniloc, 632 F.3d at 1317 ("[T]here must be a basis in fact to associate the royalty rates used in prior licenses to the particular hypothetical negotiation at issue in the case."). In addition, the Court concludes that any probative value the Apple-Samsung litigation might have would be substantially outweighed by the danger of unfair prejudice to Apple. See Fed. R. Evid. 403. Accordingly, the Court grants Defendants' motion in limine No. 9. MPT is precluded from making direct or indirect mention of the litigation between Apple and Samsung absent further order of the Court.

**XX.   Defendants' Motion in Limine to Exclude Value of the Lucent-LG Wireless License**

Defendants move to preclude MPT from proffering testimony on the value of the Lucent-LG wireless license. (Doc. No. 457-1 at 13-14.) Defendants argue that the Lucent-LG wireless license is not a comparable license to the one that would have been reached at the hypothetical negotiation because although the Patents-in-Suit are contained in the license, the license is directed to wireless communication technology rather than video coding technology. (Id.) In response, MPT argues that the Lucent-LG wireless license is relevant to the issue of damages because it is a license to the Patents-in-Suit. (Doc. No. 580 at 19.)

The Federal Circuit has explained "there must be a basis in fact to associate the royalty rates used in prior licenses to the particular hypothetical negotiation at issue in the case." Uniloc, 632 F.3d at 1317. Therefore, "licenses relied on by the patentee in proving damages [must be] sufficiently comparable to the hypothetical license at issue in suit." Lucent, 580 F.3d at 1325. A patentee may not rely on license agreements that are "'radically different from the

hypothetical agreement under consideration' to determine a reasonable royalty." <u>Uniloc</u>, 632 F.3d at 1316 (quoting <u>Lucent</u>, 580 F.3d at 1328); <u>see also, e.g.</u>, <u>Wordtech Sys. v. Integrated Networks Solutions, Inc.</u>, 609 F.3d 1308, 1320 (Fed. Cir. 2010) (declining to find licenses comparable because they "arose from divergent circumstances and covered different material"); <u>ResQNet.com, Inc. v. Lansa, Inc.</u>, 594 F.3d. 860, 870 (Fed. Cir. 2010) (criticizing damages expert for relying on licenses that showed no "discernible link to the claimed technology"). Further, "comparisons of past patent licenses to the infringement must account for 'the technological and economic differences' between them." <u>Wordtech</u>, 609 F.3d at 1320 (quoting <u>ResQNet</u>, 594 F.3d at 873); <u>see also</u> <u>Finjan, Inc. v. Secure Computing Corp.</u>, 626 F.3d 1197, 1211 (Fed. Cir. 2010) ("[U]se of past patent licenses under factors 1 and 2 must account for differences in the technologies and economic circumstances of the contracting parties."). Moreover, "alleging a loose or vague comparability between different technologies or licenses does not suffice." <u>LaserDynamics</u>, 694 F.3d at 79.

For MPT to rely on the Lucent-LG wireless license at trial, MPT must provide evidence showing that the Lucent-LG wireless license is technologically and economically comparable to license that would have been reached at the hypothetical negotiation. <u>See</u> <u>Wordtech</u>, 609 F.3d at 1320; <u>Finjan</u>, 626 F.3d at 1211. MPT first argues that the license is comparable because it contains the two patents that are asserted against LG in this case. (Doc. No. 580 at 19.) However, a license is not comparable simply because it contains the patents-in-suit. <u>See, e.g.</u>, <u>Wordtech</u>, 609 F.3d at 1319-21 (finding licenses were not comparable to the reasonable royalty awarded even though they contained the patents-in-suit); <u>Dataquill Ltd. v. High Tech Computer Corp.</u>, 2012 U.S. Dist. LEXIS 53164, at *11-15 (S.D. Cal. Apr. 16, 2012) (excluding the patentee's expert from relying on certain licenses even though they contained the patents-in-suit). MPT also argues that the Lucent-LG wireless license is comparable because the license involves LG's wireless phones, the accused products in this case. (Doc. No. 580 at 19.) However, the fact that the accused products were covered by the license is also insufficient to establish comparability; rather, MPT must show that the Lucent-LG wireless license is technologically comparable to license that would have been reached at the

hypothetical negotiation. See Wordtech, 609 F.3d at 1320; Finjan, 626 F.3d at 1211. Apple and LG have presented evidence and argument showing that the Lucent-LG license is related to a completely different technology than the technology at issue in this case. (Doc. No. 457-1 at 13-14; Doc. No. 623 at 7-8.) In response, MPT has failed to provide any evidence showing how the Lucent-LG license is technologically comparable to the hypothetical license at issue in this case. See LaserDynamics, 694 F.3d at 79 (explaining that "alleging a loose or vague comparability between different technologies or licenses does not suffice"). In addition, the Court concludes that any probative value this license might have would be substantially outweighed by the danger of unfair prejudice to LG. See Fed. R. Evid. 403. Accordingly, the Court grants Defendants' motion in limine No. 10. MPT is precluded from proffering evidence regarding the value of the Lucent-LG wireless license absent further order of the Court.

**Conclusion**

After due consideration, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motions in limine and **GRANTS IN PART** and **DENIES IN PART** Defendants' motions in limine subject to a contemporaneous objection at trial.

As to any motion in limine that the Court granted, any party seeking to admit evidence at trial must seek a hearing outside the presence of the jury at an appropriate time and make the request for a hearing outside the presence of the jury.

**IT IS SO ORDERED**.

Dated: November 20, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT