# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>APPLE INC., et al.,<br>　　　　　　　　　Defendants. | CASE NO. 10-CV-2618-H (KSC)<br><br>**ORDER DENYING MPT'S MOTION FOR MISTRIAL**<br><br>[Doc. No. 746] |

On December 10, 2012, Plaintiff MPT filed a brief in support of its motion for mistrial based on its objection after Apple's counsel's final argument to counsel's comments on the evidence. (Doc. No. 746.) On December 13, 2012, the jury returned a special verdict in favor of Defendants Apple and LG and against Plaintiff MPT. (Doc. No. 764.) On December 14, 2012, Defendants filed a brief opposing MPT's motion for mistrial. (Doc. No. 767.) On December 16, 2012, MPT filed a reply brief in support of its motion for mistrial. (Doc. No. 770.) On December 17, 2012, Defendants filed a sur-reply brief to MPT's motion for mistrial. (Doc. No. 799.) After considering the evidence and argument, the Court denies MPT's motion for mistrial.

## Discussion

A motion for mistrial in a patent case is governed by regional circuit law. See, e.g., Whitserve, LLC v. Computer Packages, Inc., 694 F.3d 10, 34 (Fed. Cir. 2012) (applying

1  Second Circuit law); Atl. Research Mktg. Sys. v. Troy, 659 F.3d 1345, 1359-61 (Fed. Cir.
2  2011) (applying First Circuit law).  In the Ninth Circuit, the defendant must demonstrate that
3  the opposing counsel's misconduct substantially interfered with the defendant's interest.  SEC
4  v. Jasper, 678 F.3d 1116, 1129 (9th Cir. 2012); Cal. Sansome Co. v. U.S. Gypsum, 55 F.3d
5  1402, 1405 (9th Cir. 1995).  Further, a new trial based on attorney misconduct should only be
6  granted "where the flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to
7  provide conviction that the jury was influenced by passion and prejudice in reaching its
8  verdict."  Settlegoode v. Portland Pub. Schs., 371 F.3d 503, 516-17 (9th Cir. 2004) (internal
9  quotation marks omitted); accord Kehr v. Smith Barney, Harris Upham & Co., 736 F.2d 1283,
10 1286 (9th Cir. 1984).  A trial judge has broad discretion in determining whether to grant a
11 motion for mistrial.  Corley v. Cardwell, 544 F.2d 349, 351 (9th Cir. 1976) (citing Illinois v.
12 Somerville, 410 U.S. 458 (1973)); see also Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1192
13 (9th Cir. 2002) ("[W]e will not overrule a district court's ruling about the impact of counsel's
14 alleged misconduct unless we have 'a definite and firm conviction that the court committed
15 a clear error of judgment.'").

16       MPT did not object during counsel's argument, but afterward claimed that Apple's
17 counsel made improper comments during final argument.  By failing to contemporaneously
18 object, MPT did not permit the Court to timely rule on the objection or give a curative
19 instruction to the jurors that argument of counsel is not evidence.  See, e.g., Glover v. BIC
20 Corp., 987 F.2d 1410, 1421 (9th Cir. 1993).  Additionally, the Court permitted MPT's counsel
21 extra time in rebuttal argument to respond to counsel's comments.  In sum, MPT's counsel
22 made a strategic election not to raise any objection until after Apple's counsel completed the
23 final argument, and MPT's counsel had ample time to respond in closing argument to the
24 comments.

25       Moreover, MPT has failed to show that any of the challenged remarks made by Apple's
26 counsel constituted improper argument.  For example, MPT argues that Apple's counsel made
27 false statements about one of MPT's licensing agreements.  (Doc. No. 746 at 3-5.)  Apple's
28 counsel referred to a repayment provision in one of the license agreements, and stated that the

1 provision "looked shifty." (Doc. No. 774-1, Declaration of Christopher Marchese ("Marchese
2 Decl.") Ex. 2 at 19-20.) None of the other licenses in evidence contained a similar repayment
3 provision. Based on the evidence, Apple's counsel could permissibly draw an inference from
4 the contract in the light most favorable to her client. See Settlegoode, 371 F.3d at 518; see also
5 id. at 520 ("[C]ircumstantial evidence and inference are sufficient to support a legitimate
6 argument."). MPT also argues that Apple's counsel accused MPT and its counsel of being
7 shifty. (Doc. No. 775 at 1.) However, Apple's counsel only referred to the repayment
8 provision as shifty, and never referred to MPT or its counsel as being shifty. (See Doc. No.
9 774-1, Marchese Decl. Ex. 2 at 20.) In another example, MPT argues that Apple's counsel
10 suggested that MPT improperly offered to provide counsel and consultant fees to one of the
11 inventors of the patents-in-suit, Dr. Safranek. (Doc. No. 746 at 7-8.) These statements were
12 supported by Dr. Safranek's deposition testimony provided at trial and fairly commented on
13 a potential bias of a witness. See Settlegoode, 371 F.3d at 520.

14       In addition to these examples, the Court has also reviewed the other statements
15 challenged by MPT and concludes that these statements do not amount to misconduct. Each
16 of the challenged statements was merely an instance where Apple's counsel was characterizing
17 the evidence in the light most favorable to her client. Accordingly, the Court concludes that
18 none of the statements made by Apple's counsel during closing arguments were prejudicial or
19 "so inflammatory as to be especially troubling."[1] Settlegoode, 371 F.3d at 518. In addition,
20 the Court instructed the jurors that arguments and statements by lawyers are not evidence. See
21 Glover, 987 F.2d at 1421 (affirming the denial of a motion for mistrial where the challenged
22 remarks were made during the arguments phase of the trial and the jury was instructed that the
23 arguments were not evidence it could consider). Also, MPT's counsel's rebuttal argument
24 specifically addressed each of the challenged statements and repeatedly emphasized to the jury
25 that arguments and statements by lawyers are not evidence. (See Doc. No. 774-1, Marchese

---

27 [1] In it reply, MPT attempts to characterize Apple's counsel's remarks as "inflammatory
28 hate words." (Doc. No. 775 at 1.) The Court disagrees. There were no statements made during closing arguments that were even close to inflammatory hate speech.

1  Decl. Ex. 3.)

2      MPT also argues that Apple's counsel used an improper and unprofessional courtroom
3  demeanor during closing arguments. (Doc. No. 746 at 10.) The Court disagrees. "A trial
4  lawyer's job, after all, is to present his client's case in the most sympathetic light consistent
5  with the evidence." Settlegoode, 371 F.3d at 518; see also United States v. Feldman, 853 F.2d
6  648, 665 (9th Cir. 1988). Counsel did so.

7      Finally, the Court notes that the jury deliberated for approximately two days before
8  reaching a verdict for the Defendants. In addition, the jurors asked questions showing that they
9  were examining and considering the evidence before them. This weighs against a conclusion
10 that the jury was influenced by passion and prejudice in reaching its verdict. Accordingly, the
11 Court denies MPT's motion for mistrial.

## Conclusion

13     After considering the parties' arguments, the Court denies MPT's motion for mistrial.
14 Additionally, the Court compliments both sides for their professionalism during this case.

15 **IT IS SO ORDERED.**

16 DATED: January 16, 2013

18 MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT