**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MULTIMEDIA PATENT TRUST, a Delaware statutory trust,<br>Plaintiff,<br>vs.<br>APPLE INC., a California corporation; CANON, INC., a Japanese corporation; CANON U.S.A., INC., a New York corporation; LG ELECTRONICS, INC., a Korean corporation; LG ELECTRONICS MOBILECOMM U.S.A., INC., a California corporation; and LG ELECTRONICS U.S.A., INC., a Delaware corporation.<br>Defendants. | CASE NO. 10-CV-2618-H (KSC)<br>**JUDGMENT** |
| APPLE INC.; LG ELECTRONICS, INC.; LG ELECTRONICS MOBILECOMM U.S.A., INC.; and LG ELECTRONICS U.S.A., INC.,<br>Counterclaimants,<br>vs.<br>MULTIMEDIA PATENT TRUST,<br>Counterdefendant. | |

Beginning on November 27, 2012, the Court held a jury trial on Plaintiff Multimedia Patent Trust ("MPT")'s patent infringement claims against Defendants Apple, Inc. ("Apple") and LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. ("LG"). (Doc. No. 666.) During the trial, Apple and LG withdrew their invalidity counterclaims and defenses. (Doc. No. 790, Trial Tr. Vol. VII at 53-54.) On December 13, 2012, the jury returned a special verdict in favor of Defendants Apple and LG and against Plaintiff MPT. (Doc. No. 764.) In accordance with these determinations and all relevant proceedings to date:

IT IS ORDERED AND ADJUDGED THAT:

1. Apple's iPad 2 and iPhone 4S products do not infringe claims 13, 15, 31, or 32 of U.S. Patent 5,227,878.
2. Apple's iPhone 3GS, iPhone 4, iPod Touch (4th Gen), iPod Touch (3rd Gen), iPad, and AppleTV (2nd Gen) products do not infringe claims 13 or 15 of U.S. Patent 5,227,878.
3. Apple's iPod Nano (5th Gen) does not infringe claims 31 or 32 of U.S. Patent 5,227,878.
4. Apple's iPhone 3GS and iPod Touch (3rd Gen) products do not infringe claim 12 of U.S. Patent 4,958,226.
5. Apple's iPhone 3GS, iPhone 4, iPod Touch (4th Gen), and iPod Nano (5th Gen) products do not infringe claims 1, 2, 4 or 8 of U.S. Patent 5,136,377.
6. Apple's iMac, Macbook, Macbook Pro, Macbook Air, Mac Mini, and Mac Pro products do not infringe claims 1, 2, 4 or 8 of U.S. Patent 5,136,377.
7. LG's Bliss UX700, Touch AX8575, Lotus Elite LX610, Mystique UN610, Samba LG8575, and Chocolate Touch VX8575 products do not infringe claims 13, 31, or 32 of U.S. Patent 5,227,878.
8. LG's Bliss UX700, Touch AX8575, Lotus Elite LX610, Mystique UN610, Samba LG8575, and Chocolate Touch VX8575 products do not infringe claims 1, 2, or 8 of U.S. Patent 5,136,377.
9. LG's Neon GT365, Prime GS390, and Encore GT550 products do not infringe claims

31 or 32 of U.S. Patent 5,227,878.

10. LG's Neon GT365, Prime GS390, and Encore GT550 products do not infringe claims 1 or 2 of U.S. Patent 5,136,377.

11. In accordance with the withdrawal of its invalidity counterclaims at trial, the Court dismisses Apple's counterclaims for invalidity of U.S. Patent 4,958,226, U.S. Patent 5,227,878, and U.S. Patent 5,136,377.

12. In accordance with the withdrawal of its invalidity counterclaims at trial, the Court dismisses LG's counterclaims for invalidity of U.S. Patent 5,227,878 and U.S. Patent 5,136,377.

13. On November 9, 2012, the Court granted Defendants Canon U.S.A., Inc. and Canon, Inc. ("Canon")'s motion for summary judgment of its affirmative defense of patent exhaustion, thereby adjudicating MPT's claim for patent infringement against Canon and removing Canon as a Defendant from this case. (Doc. No. 608 at 9-10.) Accordingly, Canon's CAN-1 and CAN-3 groups of accused products do not infringe U.S. Patent 5,136,377.

14. The Court denies the parties's remaining equitable claims without prejudice as moot. (Doc. No. 808.)

15. The Court awards costs to Apple, LG, and Canon as the prevailing parties in this action as provided by law.

**IT IS SO ORDERED.**

DATED: February 6, 2013

Marilyn L. Huff

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT